**FILED**
**SCRANTON**

AUG 0 4 2016

PER _____
**DEPUTY CLERK**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FIDELITY DEPOSIT & DISCOUNT BANK:    :
    **101 North Blakely Street**       :
    **Dunmore, PA 18512**         :
               **Plaintiff**    :
                      :
                      :

     **v.**                   :
                      :
                      : JUDGE_____

**LEENA SHAH**              :
    **20 Tower Road**          :
    **Edison, NJ 08820**        :
**ANKIM M. SHAH**           :
    **64 Chatsworth Court**     :
    **Edison, NJ 08820**        :        **JUDGMENT BY CONFESSION**
**BHARAT PARIKH**          :
    **125 Eileen Drive**        :
    **Cedar Grove, NJ 07009**    :         **CIVIL ACTION AT LAW**
**RITA SHAH**                :
    **24 Urma Place**           :
    **Bloomfield, NJ 07003**     :           **AND EQUITY**
**DIVYAKANT PATEL**        :
    **936 Beatrice Parkway**     :
    **Edison, NJ 08820**        :
**KETUL DESAI**             :
    **8 Dryer Court**           :
    **Plainsboro, NJ 08536**     :
**BHARAT SHAH**           :
    **51 Grissing Court**       :
    **Cedar Grove, NJ 07009**    :

**RIKESH DESAI**  
   23 Southall Court  
   Wayne, NJ 07670  

                :  
                :  
                :  
      **Defendants**   : **DOCKET NO.:** **3: CV 16    1616**

---

## COMPLAINT

AND NOW comes Plaintiff, Fidelity Deposit & Discount Bank, by and through its legal counsel of the law firm Nogi, Appleton, Weinberger, & Wren, P.C. and files this Complaint under a pendant state claim pursuant to *Pennsylvania Rule of Civil Procedure 2950 et. seq.* for judgment by confession in support whereof Plaintiff avers the following:

### I. STATEMENT OF JURISDICTION

1.      Plaintiff, Fidelity Deposit & Discount Bank, is a banking institution with a principal place of business in Scranton, Pennsylvania, and the Defendants are Leena Shah of 20 Tower Road, Edison, NJ 08820, Ankim M. Shah of 64 Chatsworth Court, Edison, NJ 08820, Bharat Parikh of 125 Eileen Drive, Cedar Grove, NJ 07009, Rita Shah of 24 Urma Place, Bloomfield, NJ 07003, Divyakant Patel of 936 Beatrice Parkway, Edison, NJ 08820, Ketul Desai of 8 Dryer Court, Plainsboro, NJ 08536, Bharat Shah of 51 Grissing Court, Cedar Grove, NJ 07009 and Rikesh Desai of 23 Southall Court, Wayne, NJ 07670 (hereinafter "defendants") and all residents of and located in the State of New Jersey. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by *28 U.S.C. §1332* and the proper venue for this action is the United States District Court for the Middle District of Pennsylvania.

## I. CONFESSION OF JUDGMENT

2.      Clarks Summit Hospitality, LLC (hereinafter at time, "Borrower") is a business registered and authorized to do business in the Commonwealth of Pennsylvania and has an address of 1101 Northern Blvd., Clarks Summit, PA 18411.

3.      Attached hereto as **Exhibit "A"** and incorporated herein, is a true and correct copy of a Multiple Advance Term Loan Note, on or about August 21, 2009, in the original principal amount of One Million One Hundred Twenty Thousand ($1,120,000.00) Dollars executed by Clarks Summit Hospitality, LLC., and done so in favor of the Bank.

4.      Attached hereto as **Exhibit "B"** and incorporated herein, are true and correct copies of the defendants' respective Guaranty and Suretyship Agreements (hereinafter "Guaranties") signed and executed on or about August 20, 2009 by the above captioned defendants requiring jointly and severally, the full and complete repayment of Clarks Summit Hospitality, LLC's indebtedness owed under the Note herein, (**Exhibit "A"**).

5.      The defendants have defaulted on the terms of the Guaranties in that the loan payments are past due and the Bank now declares the entire balance immediately due and payable as evidenced and set forth in the Default and Demand Notices dated July 14, 2016, sent by the Bank Counsel, to Borrower and Guarantors of which a true and correct copy is attached hereto and incorporated herein as **Exhibit "C"**.

6.      The attached Note and the Guaranties securing the repayment obligation have not been released, assigned or satisfied.

7.      Judgment is not being entered by confession against a natural person in connection with a consumer credit transaction.

8.    Judgment has not been entered in any jurisdiction on the attached Guaranties.

9.    The terms of the Guaranties include a power of attorney provision that duly authorizes the Bank to appear for the defendants and enter a Judgment against the defendants and in favor of the Bank, for all amounts due and owing under the Guaranties, in the event that the defendants default under the terms of the Guaranties.

10.    The terms of the Guaranties provide: Guarantor does hereby authorize and empower any Attorney of any court of record in the event of a default hereunder to appear for and to confess judgment against the Guarantor for the unpaid balance hereof with interest, together with any and all charges, taxes and liens paid by the Bank, its successors and assigns, and in any manner affecting or chargeable against the Collateral, together with cost of suit, plus a reasonable attorney's commission, with release of all procedural defects and errors, in the preparation and filing of all documents relating to, and in the conduct of such proceedings. If a true and correct copy hereof shall have been filed in said proceedings, it shall not be necessary to file the original as a warrant of attorney. Entry of judgment shall not be deemed to exhaust the warrant of attorney hereby granted and the same may be exercised by the holder hereof at any time. The Guarantor hereby waives the right to any stay of execution and the benefit of all exemption laws now or hereafter in effect, (please see **Exhibit B**).

11.    The warrant of attorney appearing in the Guaranties is less than twenty (20) years old and has not been assigned or previously exercised with respect to the amounts at issue here.

12. An Affidavit of Default, attached hereto and incorporated herein as "**Exhibit D**", is executed by Heather Kazinetz, Vice President, Fidelity Deposit & Discount Bank, and sets forth defendants' default on the above referenced credit facility wherein defendants failed to make monthly payments of interest and principal as required under the credit facility.

13. An Affidavit certifying the last known addresses of defendant, that its income exceeds $10,000.00 per year, and that it is not in the military service of the United States and/or its States, Territories or Allies is attached to and incorporated into this Complaint as "**Exhibit E**".

14. An Affidavit certifying that the transaction upon which this matter is based is not a retail or installment sale contract or account is attached to and incorporated into this Complaint as "**Exhibit F**".

15. An Affidavit certifying that the transaction upon which this matter is based is a business transaction is attached to and incorporated into this Complaint as "**Exhibit G**".

16. An Affidavit certifying that judgment is not being entered by confession against a natural person in connection with a consumer credit transaction is attached to and incorporated into this Complaint as **Exhibit "H"**.

17. Accordingly, the defendants are liable to the Bank as follows:

| Loan #1109943477 | |
| --- | --- |
| Principal: | $ 905,776.42 |
| Interest to July 13, 2016 | $ 5,896.35 |
| Late Charges: | $ 1,444.12 |
| Reasonable Attorney's fees: | $ To Be Determined |
| **Total:** | **$ 913,116.87** |

One day's interest $113.22

For a total amount due of $913,116.87 plus costs, attorney's fees, and continuing accruing interest until the date that the obligations set forth herein are satisfied in full.

*WHEREFORE*, Plaintiff, Fidelity Deposit & Discount Bank, respectfully demands judgment for Plaintiff and against the Defendant in the amount of $913,116.87, with continuing costs, fees and interest for Loan Number 3477 until the date that the obligations set forth herein are satisfied in full.

Respectfully Submitted,

Date: _8/2/16_

Myles R. Wren, Esquire
Attorney for Plaintiff
Attorney ID: #27906
**Joseph L. DeNaples, Esquire**
Attorney for Plaintiff
Attorney ID: #205167
**Nogi, Appleton, Weinberger & Wren, P.C.**
415 Wyoming Avenue
Scranton, PA 18503
Phone: (570) 963-8880
Facsimile: (570) 963-9372

# Exhibit "A"

/L NOTE – 08/21/2009

②

## MULTIPLE ADVANCE TERM NOTE

One Million One Hundred Twenty                         August 21, 2009
Thousand and 00/100 ($1,120,000.00) Dollars            Scranton, Pennsylvania

### I. PARTIES

**CLARKS SUMMIT HOSPITALITY, LLC,** a Pennsylvania limited liability company,

1101 Northern Boulevard, Clarks Summit, PA 18411, (hereinafter called **"BORROWER"**),

does hereby promise to pay to the order of **THE FIDELITY DEPOSIT AND DISCOUNT**

**BANK,** Blakely and Drinker Street, Dunmore, PA 18512 (hereinafter called the **"BANK"**), or at

such other place as the holder hereof may, from time to time, direct Borrower in writing, the sum

of One Million One Hundred Twenty Thousand and 00/100 ($1,120,000.00) Dollars lawful

money of the United States of America, together with interest on the unpaid principal balance

thereof outstanding (the **"LOAN"**).

### II. PREMISES

1. This Multiple Advance Term Note (the "Note") evidences a Term Loan (the **"Loan"**)

in the above amount made by the Bank to the above Borrower on this date to enable Borrower to

purchase and renovate the real property known as the Evergreen Building adjacent to the Inn at

Nichols Village, 1101 Northern Boulevard, Clarks Summit, PA 18411.

### III. LOAN TERMS

1. <u>Rate of Interest</u>. The Loan shall bear interest at the rate of 6.50% fixed for 66 months.

For each successive sixty (60) month period, the rate shall be fixed at the prevailing five year

Constant Maturity Treasury Rate plus 3.10% with a floor of 5.00%. Interest shall be calculated

based on ~~an actual~~ 30/360 day year.

2. <u>Payment Location</u>. All payments of principal and/or interest on this Note shall be

made in current funds at the office of the Bank herein designated or at such other place as the

1

Bank may from time to time designate by written notice to the Borrower.

3. _Interest Accrual_.  The Borrower agrees that both the principal of, or any balance thereof, and interest on this Note will bear interest at the initial rate:

(a)    In the event the Borrower defaults in its performance herein, Bank reserves the right to assess interest on the outstanding principal balance at a variable rate equal to the then National Prime Rate of Interest plus three (3.00%) percent ("Default Rate of Interest".)

(b)    National Prime Rate, as used herein, is defined as a per annum rate equal to the highest Prime Rate of Interest as published in The Wall Street Journal.  In the event that the Prime Rate as published by the Wall Street Journal is no longer reported, the Bank reserves the right to substitute a reasonable alternative index at its sole option.

4. _Prepayments_.  Borrower shall have the privilege at any time to prepay the Loan in whole or in part without payment of premium or penalty; no such prepayment to alter the amount of the aforesaid monthly installments unless approved by the Bank.  Any prepayments to be applied first to interest and then to the unpaid principal installments in the inverse order of their regular maturities.

5. _Terms of Payment_.

(i)    Beginning on the date which is thirty days from the date of closing, and on the same day of the month for twelve (12) months, Borrower shall make a monthly payment of interest only on the outstanding balance for the proceeding month.

(ii)    Commencing on the thirteenth (13th) month after closing and thereafter continuing to the sixty-sixth (66) month, Borrower shall made monthly payments in the appropriate amount of $8,411.00 including interest on the unpaid principal balance of the preceding month.  This payment is based on a twenty (20) year amortization, with a call option at the end of the tenth year in the sole discretion of the Bank.

2

(iii)    On the sixty-sixth month (66), and every sixty months thereafter (the "Adjustment Dates"), payment will be reviewed and revised, if necessary, to an amount which would amortize the remaining principal balance, with interest at a rate equal to the 5 year Constant Maturity Treasury Rate, plus 3.1% with a floor of 5.00% over the remaining portion of the 20 year term.

(iv)    The entire indebtedness, including all outstanding principal and interest and Costs attributable to the Loan, shall be paid in full on or prior to the date which is two hundred and fifty two (252) months from the date of closing.  The Bank has the option to call the Loan at the end of One Hundred Twenty (120) months.

6.  <u>All Disbursals Deemed as Principal</u>.  The Loan evidenced by this Note is being extended by the Bank in accordance with the terms of a Commitment Letter dated April 1, 2009, which when signed will serve as the Loan Agreement between Borrower and Bank.  Whether the aggregate amount  loaned be more or less than the face amount of this Note, said aggregate amount shall be considered as the principal due under this Note and shall be payable in accordance with the terms hereof.

7.  <u>Late Charges</u>.  If the Bank has not received the full amount of the monthly payment by the end of the 15th calendar day after it is due, the Borrower will pay a late charge to the Bank.  The amount of the charge will be 5% of the overdue payment of principal and/or interest.  The Borrower will pay this late charge promptly but only once on each late payment.

## IV. <u>SECURITY</u>

This Note is secured by:  (1) a first lien mortgage on the real property herein purchased at 1101 Northern Boulevard, Clarks Summit, PA 18411 known as the Evergreen Building at The Inn at Nichols Village (the "Premises); (2) a first lien perfected security interest in all of the Borrower's inventory, machinery and equipment, furniture and fixtures, as well as those being purchased with the proceeds of this loan, hereafter acquired, and the proceeds, (including

3

insurance proceeds) thereof; accounts receivable, contracts rights and general intangibles, now existing or hereafter arising, and in all of Borrower's books and records including all computer media and software; (3) Assignment of any and all leases, specifically, the main operating lease and the spa lease for the Premises; (4) Guarantees of Ketal Desai, Bharat Parikn, Bharat Shah, Leena Shah, Rikesh Desai, Rita Shah, Ankim M. Shah and Divyakant Patel.

## V.  RIGHT OF BANK TO ACT

If the Borrower shall default in observance or performance of any of the agreements and covenants contained herein or in the Loan Agreement or in the Mortgage and Security Agreement or in any of the Loan Documents, all of or about even date herewith, and incorporated by reference, the Bank may, after notice to Borrower in its discretion, but without any duty to do so, and without waiving any default, perform any of such terms, covenants and conditions, in part or in whole.  Any money advanced or expended by Bank in or toward the fulfillment of such terms, covenants and conditions, shall be due on demand and become a part of and added to the indebtedness due under this Note and secured by the Collateral with interest thereon at the rate on the principal of this Note, from the date of the respective advance or expenditure.

## VI.  EVENTS OF DEFAULT

Any one of the following shall be considered an Event of Default hereunder, at the sole discretion of the Bank, after notice and expiration of applicable cure periods.

(a) Failure of the Borrower to make payments of principal or interest as required in the Mortgage and Security Agreement, or in the Loan Agreement, or of items of payment pursuant to this Note, when due, and such failure shall remain uncured for a period of fifteen (15) days after written notice of such failure from Bank to Borrower.

(b)  If any Borrower shall apply for, or consent to the appointment of a receiver,

4

/L.NOTE – 08/21/2009

or a trustee, or to liquidation of itself, or of all or a substantial part of its assets, or admit in

writing its inability to pay its debts as they fall due, make a general assignment for the benefit of

its creditors, be adjudicated as a bankrupt or insolvent, or file a voluntary petition in Bankruptcy

or a Petition or an Answer seeking reorganization or an arrangement with creditors, or to take

advantage, as debtor, of any insolvency law or file any Answer admitting the material allegations

of a Petition filed against it in any bankruptcy, reorganization or insolvency proceeding, or take

any corporate action for the purpose of effecting any of the foregoing.

(c)  If Borrower shall fail, within time permitted or any extension thereof after

notice of a lawsuit or other proceeding, to contest in good faith or take reasonable corrective

measures with respect to any litigation or proceeding then pending against

Borrower, the outcome of which, in the reasonable judgment of Bank, would materially and

adversely affect the financial condition of Borrower or have issued against Borrower's property

or assets a Writ of Execution or similar process which has not been vacated or released within

thirty (30) days after the date of levy thereon.

(d)  The entry of any judgment in excess of $75,000 against the Borrower, or any

of the property of the Borrow which remain unsatisfied for forty-five (45) days, except if the

Borrower is attempting to contest the entry of judgment by reasonable means;

(e)  The issuing of any attachment, levy or garnishment against any property of

the Borrower, and the failure to remove or satisfy the same within twenty (20) days, except of

the Borrower is attempting to resolve in a reasonable manner.

(f)  If Borrower shall fail in the performance of any of Borrower's agreements and

covenants herein set forth and such failure shall continue for a period of thirty (30) days after

written notice of such failure from Bank to Borrower or such longer period as may be reasonably

necessary to cure such failure, in the discretion of Bank, reasonably exercised, provided

'L NOTE – 08/21/2009

Borrower commences to cure such failure within such thirty (30) day period and thereafter diligently pursues the curing of such failure.

(g)  If any representation or warranty made by Borrower  herein is untrue in any material respect, or if any schedule, statement, report, warranty, representation, notice or writing furnished by Borrower pursuant to this Note is untrue in any material respect on the date as of which the facts set forth are stated or certified.

(h)  If Borrower assigns, either voluntarily or by operation of law, any of its rights under this Note without Bank's consent in writing.

(i)  Failure to provide all insurance required, within fifteen (15) days of Bank's request.

(j)  Any default pursuant to the Loan Agreement and/or Mortgage and Security Agreement from Borrower to Bank of even date herewith, hereby incorporated by reference.

## VII. <u>REMEDIES UPON DEFAULT/CONFESSION OF JUDGMENT</u>

Upon the occurrence of an Event of Default hereunder, after notice and failure to cure, the Bank shall have the following rights or remedies: (a) unless the Bank elects otherwise, the entire unpaid amount of liabilities pursuant to this Note, the Mortgage and Security Agreement, and the Loan Agreement shall become immediately due and payable in full without notice to or demand on the Borrower of any kind and without presentation, demand or protest, all of which are hereby waived; (b) the Bank may at its option exercise from time to time any and all rights and remedies available to it as to the Collateral, including, without limitation, its rights and remedies as a secured party under the Uniform Commercial Code as then enacted and construed, including the right to dispose of the Collateral at public or private sale(s) or other proceedings, and the Borrower agrees that the Bank or its nominee may become the purchaser at any such sale(s), and may apply the proceeds of any such disposition to the liabilities in such manner and

6

'L-NOTE - 08/21/2009

in such order as the Bank may elect; and (c) Borrower does hereby authorize and empower any Attorney of any court of record in the event of a default hereunder to appear for and to confess judgment against the Borrower for the unpaid balance hereof with interest, together with any and all charges, taxes and liens paid by the Bank, its successors and assigns, and in any manner affecting or chargeable against the Collateral, together with cost of suit, plus a reasonable attorney's commission, with release of all procedural defects and errors, in the preparation and filing of all documents relating to, and in the conduct of such proceedings. If a true and correct copy hereof shall have been filed in said proceedings, it shall not be necessary to file the original as a warrant of attorney. Entry of judgment shall not be deemed to exhaust the warrant of attorney hereby granted and the same may be exercised by the holder hereof at any time. The Borrower hereby waives the right to any stay of execution and the benefit of all exemption laws now or hereafter in effect.

## XIII.  WAIVER OF DUE PROCESS RIGHTS TO PRE-JUDGMENT HEARING AND/OR NOTICE PRIOR TO SEIZURE OF ASSETS

Subject to notice and cure periods stated herein, upon the occurrence of an Event of Default, Borrower does hereby, knowingly, intelligently, and intentionally, waive all due process rights which Borrower may presently have, or which Borrower may have in the future, with respect to any Pre-Judgment Hearing, and/or Notice prior to seizure of assets of Borrower.

## IX.  NON-WAIVER

Any failure of the Bank to exercise any right or remedy hereunder shall not be construed as a waiver of the right to exercise the same or any other right or remedy at any other time.

## X.  INTEREST ACCRUAL UPON JUDGMENT

In the event the Bank obtains any judgment against Borrower on this Note, whether such

7

/L NOTE - 08/21/2009

judgment is obtained by confession or otherwise, interest shall accrue on the judgment in the

same manner and at the same rate as provided in this Note, until the Bank has received payment

in full of all amounts due it pursuant to this Note.

## XI. NOTICES

Any notices required or permitted to be given pursuant hereto, or in connection herewith,

shall be deemed to have been fully given when received if addressed and

marked, certified, postage prepaid to Bank, or to Borrower, to the addresses listed above.

## XIII. GOVERNING LAW

The Borrower intends this to be a sealed instrument and to be legally bound hereby. All

issues arising hereunder shall be governed by the laws of Pennsylvania.

**IN WITNESS WHEREOF,** intending to be legally bound hereby, the undersigned have

set their hands and seals as of the date first written above.

ATTEST:                                CLARKS SUMMIT HOSPITALITY, LLC


By: _____
        ANKIM M. SHAH, Managing Member

8

# Exhibit "B"

GUARANTY AND SURETYSHIP AGREEMENT

WITH CONFESSION OF JUDGMENT

This Guaranty and Suretyship Agreement ("Guaranty") is given by **DIVYAKANT PATEL**, (the "Surety") 936 Beatrice Parkway, Edison NJ 08820 _____ to **THE FIDELITY DEPOSIT AND DISCOUNT BANK** (the "Bank"), with offices at Blakely and Drinker Streets, Dunmore, Pennsylvania 18512:

WITNESSETH:

For Value Received, the Surety absolutely and unconditionally guarantees and becomes Surety for all the obligations of CLARKS SUMMIT HOSPITALITY, LLC (the "Borrower"), to Bank with respect to the payment of all sums of every nature and kind now and at any time hereafter due and owing to Bank with respect to the Loan Agreement between Borrower and Bank, as evidenced by a Multiple Advance Term Note ("Note") in the face amount of $1,120,000.00, dated August _____, 2009 in the manner provided in the documents evidencing and securing the same, and all replacements and renewals thereof at any time hereafter delivered to Bank (the "Loan Documents"), with interest at the applicable rate(s) therein specified, as well as all sums advanced or expended by Bank for the collection thereof, for the protection of any and all collateral held by Bank as security therefore, and for all other purposes authorized by the Loan Documents (including all legal fees, attorney's commissions, and legal expenses and costs), at any time hereafter due and owing to Bank under the provisions of the Loan Documents, with interest thereon from the date of advance or expenditure to the date of payment at the applicable rate therein specified (collectively, the "Indebtedness") whether at maturity or by declaration, acceleration, or otherwise.

The obligations of the Surety are joint and several with other Guarantors and Sureties.

Surety hereby acknowledges that it has received copies of the Loan Documents and has carefully examined the same, and that it has executed this Guaranty with full knowledge of the nature and extent of the Indebtedness hereby guaranteed.

Surety hereby waives presentment for payment, notice of nonpayment, demand and protest and agrees that its obligations under this Guaranty are absolute and unconditional and shall not be affected by any release or discharge of the Borrower; by any renewal or extensions of time of payment of the Indebtedness; by any compromise with or indulgence granted to the Borrower; by any modification in the terms of the Indebtedness; by any substitution or release of collateral; or by any other matter or thing whatsoever whereby the Sureties as the absolute and unconditional guarantors of and sureties for the Indebtedness, would or might be deemed released or discharged.

In the event the Borrower at any time fails to pay the Indebtedness in the manner provided in the Loan Documents, the Surety agrees to pay the same directly to Bank on demand. The obligations of the Surety hereunder shall be directly enforceable by Bank without prior action of any nature against the Borrower, or any other person or entity, and without any obligation on the part of Bank to exercise remedies against any collateral for the Indebtedness held by Bank. The said obligations are continuing, absolute, and unconditional irrespective of the genuiness, validity or enforceability of the Loan Documents, or any of them, or of any other circumstance which might otherwise constitute a legal or equitable discharge of a guarantor or Sureties, and shall remain in full force and effect as long as any portion of the Indebtedness

remains outstanding and unpaid. The Surety shall pay, in addition to all other sums payable hereunder, the reasonable costs and expenses incurred by Bank in connection with all actions taken to enforce collection of the Indebtedness from the Surety upon default by the Borrower, whether by legal proceedings or otherwise, including, without limitation, costs of suit and an attorney's commission, as hereinafter provided.

IF THE SURETY FAILS TO PAY THE INDEBTEDNESS ON DEMAND, AS HEREIN PROVIDED, THE SURETY HEREBY AUTHORIZES AND EMPOWERS ANY ATTORNEY OF ANY COURT OF RECORD IN THE COMMONWEALTH OF PENNSYLVANIA TO APPEAR FOR SURETY AND CONFESS JUDGMENT IN FAVOR OF THE BANK AND AGAINST SURETY IN THE COURT OF COMMON PLEAS OF PIKE COUNTY OR IN ANY COUNTY IN THE COMMONWEALTH OF PENNSYLVANIA FOR THE TOTAL PRINCIPAL AMOUNT THEN DUE AND OWING TO THE BANK, WITH INTEREST AT THE RATE SPECIFIED, AS WELL AS COSTS OF SUIT AND AN ATTORNEY'S COMMISSION FOR COLLECTION OF FIFTEEN PERCENT (15%) OF THE TOTAL PRINCIPAL AMOUNT THEN DUE AND OWING, WITH RELEASE OF ALL PROCEDURAL ERRORS. THE SURETY HEREBY JOINTLY AND SEVERALLY AGREES THAT THE DEATH OF ONE OR MORE OF THEM SHALL NOT BE DEEMED TO TERMINATE THE AUTHORITY TO CONFESS JUDGMENT HEREBY GRANTED, AND THAT THE BANK MAY CAUSE JUDGMENT TO BE ENTERED IN SUCH EVENT AGAINST THE PERSONAL REPRESENTATIVE OF THE ESTATE OF A DECEASED SURETY AND/OR AGAINST THE SURVIVING SURETY AT THE OPTION OF THE BANK. THE AUTHORITY TO CONFESS JUDGMENT HEREIN GRANTED SHALL NOT BE EXHAUSTED BY ANY ONE EXERCISE THEREOF, BUT SHALL CONTINUE FROM TIME TO TIME AND AT ALL TIMES UNTIL PAYMENT IN FULL OF THE TOTAL AMOUNT DUE THE BANK AND THE ENTRY OF JUDGMENT ON THIS AGREEMENT OF GUARANTY AND SURETYSHIP SHALL NOT BE DEEMED TO LIMIT OR RESTRICT THE RIGHT OF THE BANK TO COLLECT INTEREST ON THE TOTAL PRINCIPAL AMOUNT DUE AND OWING AT THE RATE SPECIFIED IN THE LOAN DOCUMENTS UNTIL THE SAME IS PAID IN FULL

Surety hereby waives the benefit of any present or future laws and rules of procedure that authorize stay of execution on any judgment entered on this Guaranty and all exemptions of property from levy and sale thereunder, and also hereby waives any and all errors, defects, or imperfection whatsoever of a procedural nature n the entry of any judgment, or the transfer of the same to any other county or jurisdiction, or in any process or proceedings to enforce the same.

Sureties waive notice of acceptance of the Guaranty by Bank.

All notices to and demands on the Surety shall be in writing and effective when received, after having been sent to the Surety by registered or certified United States mail, return receipt requested and postage prepaid. addressed to the Surety at the address stated in the introductory portion of this Guaranty, and the Surety hereby agrees that no change in the above address shall be effective as to Bank unless the change of address is incorporated into a written supplement to this Guaranty signed by Bank and the Surety.

This Guaranty shall constitute a contract of Suretyship under the laws of the Commonwealth of Pennsylvania, and for all purposes shall be construed in accordance with said laws.

All the foregoing agreements and obligations including, without limitation, the foregoing warrant of attorney to confess judgment, shall bind the Surety, its successors and assigns, and shall inure to the benefit of Bank, its successors and assigns.

In Witness Whereof, Surety has executed this Guaranty this __19th__ day of August, 2009.

_____(SEAL)
**DIVYAKANT PATEL**

**STATE OF** _New Jersey_          :
                                    : SS
**COUNTY OF** _Middlesex_           :


On the 20th day of _August_____, in the year 2009, before me the undersigned officer, personally appeared DIVYAKANT PATEL hereunto me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that he executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

_____
NOTARY

ANKIM M. SHAH
ATTORNEY AT LAW
STATE OF NEW JERSEY

# DISCLOSURE FOR CONFESSION OF JUDGMENT

**Undersigned:**     **DIVYAKANT PATEL**

**Bank:**     **The Fidelity Deposit and Discount Bank**
**Blakely and Drinker Streets**
**Dunmore, PA 18512**

The undersigned has executed, and/or is executing, on or about August $\underline{21}$ , 2009, the following document(s) under which the undersigned is obligated to repay monies to Bank:

$1,120,000.00-Guaranty of Multiple Advance Term Note

A. THE UNDERSIGNED ACKNOWLEDGES AND AGREES THAT THE ABOVE DOCUMENTS CONTAIN PROVISIONS UNDER WHICH BANK MAY ENTER JUDGMENT BY CONFESSION AGAINST THE UNDERSIGNED. BEING FULLY AWARE OF HIS RIGHTS TO PRIOR NOTICE AND A HEARING ON THE VALIDITY OF ANY JUDGMENT OR OTHER CLAIMS THAT MAY BE ASSERTED AGAINST HIM BY BANK THEREUNDER BEFORE JUDGMENT IS ENTERED, THE UNDERSIGNED HEREBY FREELY, KNOWINGLY AND INTELLIGENTLY WAIVES THESE RIGHTS AND EXPRESSLY AGREES AND CONSENTS TO BANK'S ENTERING JUDGMENT AGAINST HIM BY CONFESSION PURSUANT TO THE TERMS THEREOF.

B. THE UNDERSIGNED ALSO ACKNOWLEDGES AND AGREES THAT THE ABOVE DOCUMENTS CONTAIN PROVISIONS UNDER WHICH BANK MAY, AFTER ENTRY OF JUDGMENT AND WITHOUT EITHER NOTICE OR A HEARING, FORECLOSE UPON, ATTACH, LEVY, TAKE POSSESSION OF OR OTHERWISE SEIZE PROPERTY OF THE UNDERSIGNED IN FULL OR PARTIAL PAYMENT OF THE JUDGMENT. BEING FULLY AWARE OF HIS RIGHTS AFTER JUDGMENT IS ENTERED (INCLUDING THE RIGHT TO MOVE TO OPEN OR STRIKE THE JUDGMENT), THE UNDERSIGNED HEREBY FREELY, KNOWINGLY AND INTELLIGENTLY WAIVES HIS RIGHTS TO NOTICE AND A HEARING AND EXPRESSLY AGREES AND CONSENTS TO BANK'S TAKING SUCH ACTIONS AS MAY BE PERMITTED UNDER APPLICABLE STATE AND FEDERAL LAW WITHOUT PRIOR NOTICE TO THE UNDERSIGNED.

C. The undersigned certifies that a representative of Bank specifically called the confession of judgment provisions in the above documents to the attention of the undersigned, and/or that the undersigned was represented by legal counsel in connection with the above documents.

D.  The undersigned hereby certifies:  that his annual income exceeds $10,000; that all references to "the undersigned" above refer to all persons and entities signing below; and that the undersigned received a copy hereof at the time of signing.


**WITNESS**                                    **DIVYAKANT PATEL**

## GUARANTY AND SURETYSHIP AGREEMENT

### WITH CONFESSION OF JUDGMENT

This Guaranty and Suretyship Agreement ("Guaranty") is given by **RITA SHAH**, (the "Surety") 24 Urma Place, Bloomfield NJ 07003 _____ to **THE FIDELITY DEPOSIT AND DISCOUNT BANK** (the "Bank"), with offices at Blakely and Drinker Streets, Dunmore, Pennsylvania 18512:

### WITNESSETH:

For Value Received, the Surety absolutely and unconditionally guarantees and becomes Surety for all the obligations of CLARKS SUMMIT HOSPITALITY, LLC (the "Borrower"), to Bank with respect to the payment of all sums of every nature and kind now and at any time hereafter due and owing to Bank with respect to the Loan Agreement between Borrower and Bank, as evidenced by a Multiple Advance Term Note ("Note") in the face amount of $1,120,000.00, dated August 21, 2009 in the manner provided in the documents evidencing and securing the same, and all replacements and renewals thereof at any time hereafter delivered to Bank (the "Loan Documents"), with interest at the applicable rate(s) therein specified, as well as all sums advanced or expended by Bank for the collection thereof, for the protection of any and all collateral held by Bank as security therefore, and for all other purposes authorized by the Loan Documents (including all legal fees, attorney's commissions, and legal expenses and costs), at any time hereafter due and owing to Bank under the provisions of the Loan Documents, with interest thereon from the date of advance or expenditure to the date of payment at the applicable rate therein specified (collectively, the "Indebtedness") whether at maturity or by declaration, acceleration, or otherwise.

The obligations of the Surety are joint and several with other Guarantors and Sureties.

Surety hereby acknowledges that it has received copies of the Loan Documents and has carefully examined the same, and that it has executed this Guaranty with full knowledge of the nature and extent of the Indebtedness hereby guaranteed.

Surety hereby waives presentment for payment, notice of nonpayment, demand and protest and agrees that its obligations under this Guaranty are absolute and unconditional and shall not be affected by any release or discharge of the Borrower; by any renewal or extensions of time of payment of the Indebtedness; by any compromise with or indulgence granted to the Borrower; by any modification in the terms of the Indebtedness; by any substitution or release of collateral; or by any other matter or thing whatsoever whereby the Sureties as the absolute and unconditional guarantors of and sureties for the Indebtedness, would or might be deemed released or discharged.

In the event the Borrower at any time fails to pay the Indebtedness in the manner provided in the Loan Documents, the Surety agrees to pay the same directly to Bank on demand. The obligations of the Surety hereunder shall be directly enforceable by Bank without prior action of any nature against the Borrower, or any other person or entity, and without any obligation on the part of Bank to exercise remedies against any collateral for the Indebtedness held by Bank. The said obligations are continuing, absolute, and unconditional irrespective of the genuiness, validity or enforceability of the Loan Documents, or any of them, or of any other circumstance which might otherwise constitute a legal or equitable discharge of a guarantor or Sureties, and shall remain in full force and effect as long as any portion of the Indebtedness

remains outstanding and unpaid. The Surety shall pay, in addition to all other sums payable hereunder, the reasonable costs and expenses incurred by Bank in connection with all actions taken to enforce collection of the Indebtedness from the Surety upon default by the Borrower, whether by legal proceedings or otherwise, including, without limitation, costs of suit and an attorney's commission, as hereinafter provided.

IF THE SURETY FAILS TO PAY THE INDEBTEDNESS ON DEMAND, AS HEREIN PROVIDED, THE SURETY HEREBY AUTHORIZES AND EMPOWERS ANY ATTORNEY OF ANY COURT OF RECORD IN THE COMMONWEALTH OF PENNSYLVANIA TO APPEAR FOR SURETY AND CONFESS JUDGMENT IN FAVOR OF THE BANK AND AGAINST SURETY IN THE COURT OF COMMON PLEAS OF PIKE COUNTY OR IN ANY COUNTY IN THE COMMONWEALTH OF PENNSYLVANIA FOR THE TOTAL PRINCIPAL AMOUNT THEN DUE AND OWING TO THE BANK, WITH INTEREST AT THE RATE SPECIFIED, AS WELL AS COSTS OF SUIT AND AN ATTORNEY'S COMMISSION FOR COLLECTION OF FIFTEEN PERCENT (15%) OF THE TOTAL PRINCIPAL AMOUNT THEN DUE AND OWING, WITH RELEASE OF ALL PROCEDURAL ERRORS. THE SURETY HEREBY JOINTLY AND SEVERALLY AGREES THAT THE DEATH OF ONE OR MORE OF THEM SHALL NOT BE DEEMED TO TERMINATE THE AUTHORITY TO CONFESS JUDGMENT HEREBY GRANTED, AND THAT THE BANK MAY CAUSE JUDGMENT TO BE ENTERED IN SUCH EVENT AGAINST THE PERSONAL REPRESENTATIVE OF THE ESTATE OF A DECEASED SURETY AND/OR AGAINST THE SURVIVING SURETY AT THE OPTION OF THE BANK. THE AUTHORITY TO CONFESS JUDGMENT HEREIN GRANTED SHALL NOT BE EXHAUSTED BY ANY ONE EXERCISE THEREOF, BUT SHALL CONTINUE FROM TIME TO TIME AND AT ALL TIMES UNTIL PAYMENT IN FULL OF THE TOTAL AMOUNT DUE THE BANK AND THE ENTRY OF JUDGMENT ON THIS AGREEMENT OF GUARANTY AND SURETYSHIP SHALL NOT BE DEEMED TO LIMIT OR RESTRICT THE RIGHT OF THE BANK TO COLLECT INTEREST ON THE TOTAL PRINCIPAL AMOUNT DUE AND OWING AT THE RATE SPECIFIED IN THE LOAN DOCUMENTS UNTIL THE SAME IS PAID IN FULL

Surety hereby waives the benefit of any present or future laws and rules of procedure that authorize stay of execution on any judgment entered on this Guaranty and all exemptions of property from levy and sale thereunder, and also hereby waives any and all errors, defects, or imperfection whatsoever of a procedural nature n the entry of any judgment, or the transfer of the same to any other county or jurisdiction, or in any process or proceedings to enforce the same.

Sureties waive notice of acceptance of the Guaranty by Bank.

All notices to and demands on the Surety shall be in writing and effective when received, after having been sent to the Surety by registered or certified United States mail, return receipt requested and postage prepaid. addressed to the Surety at the address stated in the introductory portion of this Guaranty, and the Surety hereby agrees that no change in the above address shall be effective as to Bank unless the change of address is incorporated into a written supplement to this Guaranty signed by Bank and the Surety.

This Guaranty shall constitute a contract of Suretyship under the laws of the Commonwealth of Pennsylvania, and for all purposes shall be construed in accordance with said laws.

All the foregoing agreements and obligations including, without limitation, the foregoing warrant of attorney to confess judgment, shall bind the Surety, its successors and assigns, and shall inure to the benefit of Bank, its successors and assigns.

In Witness Whereof, Surety has executed this Guaranty this _19th_ day of August, 2009.


_____(SEAL)
RITA SHAH

MAHESH SHAH
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 10/16/2009

STATE OF _New Jersey_          :
                               : SS
COUNTY OF ___Essex___          :


On the _19th_ day of _August 2009_, in the year 2009, before me the

undersigned officer, personally appeared RITA SHAH hereunto me (or satisfactorily proven) to

be the person whose name is subscribed to the within instrument, and acknowledged that she

executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.


                                   _____

        NOTARY

                          MAHESH SHAH
                   NOTARY PUBLIC OF NEW JERSEY
                   Commission Expires 10/15/2009

## DISCLOSURE FOR CONFESSION OF JUDGMENT

**Undersigned:**    **RITA SHAH**

**Bank:**    **The Fidelity Deposit and Discount Bank**
**Blakely and Drinker Streets**
**Dunmore, PA 18512**

The undersigned has executed, and/or is executing, on or about August _21_, 2009, the following document(s) under which the undersigned is obligated to repay monies to Bank:

$1,120,000.00- Guaranty of Multiple Advance Term Note

A. THE UNDERSIGNED ACKNOWLEDGES AND AGREES THAT THE ABOVE DOCUMENTS CONTAIN PROVISIONS UNDER WHICH BANK MAY ENTER JUDGMENT BY CONFESSION AGAINST THE UNDERSIGNED. BEING FULLY AWARE OF HER RIGHTS TO PRIOR NOTICE AND A HEARING ON THE VALIDITY OF ANY JUDGMENT OR OTHER CLAIMS THAT MAY BE ASSERTED AGAINST HER BY BANK THEREUNDER BEFORE JUDGMENT IS ENTERED, THE UNDERSIGNED HEREBY FREELY, KNOWINGLY AND INTELLIGENTLY WAIVES THESE RIGHTS AND EXPRESSLY AGREES AND CONSENTS TO BANK'S ENTERING JUDGMENT AGAINST HER BY CONFESSION PURSUANT TO THE TERMS THEREOF.

B. THE UNDERSIGNED ALSO ACKNOWLEDGES AND AGREES THAT THE ABOVE DOCUMENTS CONTAIN PROVISIONS UNDER WHICH BANK MAY, AFTER ENTRY OF JUDGMENT AND WITHOUT EITHER NOTICE OR A HEARING, FORECLOSE UPON, ATTACH, LEVY, TAKE POSSESSION OF OR OTHERWISE SEIZE PROPERTY OF THE UNDERSIGNED IN FULL OR PARTIAL PAYMENT OF THE JUDGMENT. BEING FULLY AWARE OF HER RIGHTS AFTER JUDGMENT IS ENTERED (INCLUDING THE RIGHT TO MOVE TO OPEN OR STRIKE THE JUDGMENT), THE UNDERSIGNED HEREBY FREELY, KNOWINGLY AND INTELLIGENTLY WAIVES HER RIGHTS TO NOTICE AND A HEARING AND EXPRESSLY AGREES AND CONSENTS TO BANK'S TAKING SUCH ACTIONS AS MAY BE PERMITTED UNDER APPLICABLE STATE AND FEDERAL LAW WITHOUT PRIOR NOTICE TO THE UNDERSIGNED.

C. The undersigned certifies that a representative of Bank specifically called the confession of judgment provisions in the above documents to the attention of the undersigned, and/or that the undersigned was represented by legal counsel in connection with the above documents.

D.  The undersigned hereby certifies:  that her annual income exceeds $10,000; that all references to "the undersigned" above refer to all persons and entities signing below; and that the undersigned received a copy hereof at the time of signing.

**WITNESS**

_Rita k. Shah_

**RITA SHAH**

**MAHESH SHAH**
**NOTARY PUBLIC OF NEW JERSEY**
**Commission Expires 10/15/2009**

## GUARANTY AND SURETYSHIP AGREEMENT

### WITH CONFESSION OF JUDGMENT

This Guaranty and Suretyship Agreement ("Guaranty") is given by **RIKESH DESAI,** (the "Surety") 23 Southall Court, Wayne, NJ 07470 to **THE FIDELITY DEPOSIT AND DISCOUNT BANK** (the "Bank"), with offices at Blakely and Drinker Streets, Dunmore, Pennsylvania 18512:

### WITNESSETH:

For Value Received, the Surety absolutely and unconditionally guarantees and becomes Surety for all the obligations of CLARKS SUMMIT HOSPITALITY, LLC (the "Borrower"), to Bank with respect to the payment of all sums of every nature and kind now and at any time hereafter due and owing to Bank with respect to the Loan Agreement between Borrower and Bank, as evidenced by a Multiple Advance Term Note ("Note") in the face amount of $1,120,000.00, dated August 21, 2009 in the manner provided in the documents evidencing and securing the same, and all replacements and renewals thereof at any time hereafter delivered to Bank (the "Loan Documents"), with interest at the applicable rate(s) therein specified, as well as all sums advanced or expended by Bank for the collection thereof, for the protection of any and all collateral held by Bank as security therefore, and for all other purposes authorized by the Loan Documents (including all legal fees, attorney's commissions, and legal expenses and costs), at any time hereafter due and owing to Bank under the provisions of the Loan Documents, with interest thereon from the date of advance or expenditure to the date of payment at the applicable rate therein specified (collectively, the "Indebtedness") whether at maturity or by declaration, acceleration, or otherwise.

The obligations of the Surety are joint and several with other Guarantors and Sureties.

Surety hereby acknowledges that it has received copies of the Loan Documents and has carefully examined the same, and that it has executed this Guaranty with full knowledge of the nature and extent of the Indebtedness hereby guaranteed.

Surety hereby waives presentment for payment, notice of nonpayment, demand and protest and agrees that its obligations under this Guaranty are absolute and unconditional and shall not be affected by any release or discharge of the Borrower; by any renewal or extensions of time of payment of the Indebtedness; by any compromise with or indulgence granted to the Borrower; by any modification in the terms of the Indebtedness; by any substitution or release of collateral; or by any other matter or thing whatsoever whereby the Sureties as the absolute and unconditional guarantors of and sureties for the Indebtedness, would or might be deemed released or discharged.

In the event the Borrower at any time fails to pay the Indebtedness in the manner provided in the Loan Documents, the Surety agrees to pay the same directly to Bank on demand. The obligations of the Surety hereunder shall be directly enforceable by Bank without prior action of any nature against the Borrower, or any other person or entity, and without any obligation on the part of Bank to exercise remedies against any collateral for the Indebtedness held by Bank. The said obligations are continuing, absolute, and unconditional irrespective of the genuiness, validity or enforceability of the Loan Documents, or any of them, or of any other circumstance which might otherwise constitute a legal or equitable discharge of a guarantor or Sureties, and shall remain in full force and effect as long as any portion of the Indebtedness

remains outstanding and unpaid. The Surety shall pay, in addition to all other sums payable hereunder, the reasonable costs and expenses incurred by Bank in connection with all actions taken to enforce collection of the Indebtedness from the Surety upon default by the Borrower, whether by legal proceedings or otherwise, including, without limitation, costs of suit and an attorney's commission, as hereinafter provided.

IF THE SURETY FAILS TO PAY THE INDEBTEDNESS ON DEMAND, AS HEREIN PROVIDED, THE SURETY HEREBY AUTHORIZES AND EMPOWERS ANY ATTORNEY OF ANY COURT OF RECORD IN THE COMMONWEALTH OF PENNSYLVANIA TO APPEAR FOR SURETY AND CONFESS JUDGMENT IN FAVOR OF THE BANK AND AGAINST SURETY IN THE COURT OF COMMON PLEAS OF PIKE COUNTY OR IN ANY COUNTY IN THE COMMONWEALTH OF PENNSYLVANIA FOR THE TOTAL PRINCIPAL AMOUNT THEN DUE AND OWING TO THE BANK, WITH INTEREST AT THE RATE SPECIFIED, AS WELL AS COSTS OF SUIT AND AN ATTORNEY'S COMMISSION FOR COLLECTION OF FIFTEEN PERCENT (15%) OF THE TOTAL PRINCIPAL AMOUNT THEN DUE AND OWING, WITH RELEASE OF ALL PROCEDURAL ERRORS. THE SURETY HEREBY JOINTLY AND SEVERALLY AGREES THAT THE DEATH OF ONE OR MORE OF THEM SHALL NOT BE DEEMED TO TERMINATE THE AUTHORITY TO CONFESS JUDGMENT HEREBY GRANTED, AND THAT THE BANK MAY CAUSE JUDGMENT TO BE ENTERED IN SUCH EVENT AGAINST THE PERSONAL REPRESENTATIVE OF THE ESTATE OF A DECEASED SURETY AND/OR AGAINST THE SURVIVING SURETY AT THE OPTION OF THE BANK. THE AUTHORITY TO CONFESS JUDGMENT HEREIN GRANTED SHALL NOT BE EXHAUSTED BY ANY ONE EXERCISE THEREOF, BUT SHALL CONTINUE FROM TIME TO TIME AND AT ALL TIMES UNTIL PAYMENT IN FULL OF THE TOTAL AMOUNT DUE THE BANK AND THE ENTRY OF JUDGMENT ON THIS AGREEMENT OF GUARANTY AND SURETYSHIP SHALL NOT BE DEEMED TO LIMIT OR RESTRICT THE RIGHT OF THE BANK TO COLLECT INTEREST ON THE TOTAL PRINCIPAL AMOUNT DUE AND OWING AT THE RATE SPECIFIED IN THE LOAN DOCUMENTS UNTIL THE SAME IS PAID IN FULL

Surety hereby waives the benefit of any present or future laws and rules of procedure that authorize stay of execution on any judgment entered on this Guaranty and all exemptions of property from levy and sale thereunder, and also hereby waives any and all errors, defects, or imperfection whatsoever of a procedural nature n the entry of any judgment, or the transfer of the same to any other county or jurisdiction, or in any process or proceedings to enforce the same.

Sureties waive notice of acceptance of the Guaranty by Bank.

All notices to and demands on the Surety shall be in writing and effective when received, after having been sent to the Surety by registered or certified United States mail, return receipt requested and postage prepaid. addressed to the Surety at the address stated in the introductory portion of this Guaranty, and the Surety hereby agrees that no change in the above address shall be effective as to Bank unless the change of address is incorporated into a written supplement to this Guaranty signed by Bank and the Surety.

This Guaranty shall constitute a contract of Suretyship under the laws of the Commonwealth of Pennsylvania, and for all purposes shall be construed in accordance with said laws.

All the foregoing agreements and obligations including, without limitation, the foregoing warrant of attorney to confess judgment, shall bind the Surety, its successors and assigns, and shall inure to the benefit of Bank, its successors and assigns.

In Witness Whereof, Surety has executed this Guaranty this _20_ day of August, 2009.

_____(SEAL)
RIKESH DESAI

**MAHESH SHAH**
**NOTARY PUBLIC OF NEW JERSEY**
**Commission Expires 10/15/2009**

STATE OF _____ N . J _____          :
                                    : SS
COUNTY OF _____ Essex _____         :


On the 20th day of _August_____, in the year 2009, before me the

undersigned officer, personally appeared _____Rileahr Degui_____ hereunto me (or

satisfactorily proven) to be the person whose name is subscribed to the within instrument, and

acknowledged that he executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.


_____
NOTARY

MAHESH SHAH
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 10/15/2009

## DISCLOSURE FOR CONFESSION OF JUDGMENT

**Undersigned:**        **RIKESH DESAI**

**Bank:**               **The Fidelity Deposit and Discount Bank**
                        **Blakely and Drinker Streets**
                        **Dunmore, PA 18512**

The undersigned has executed, and/or is executing, on or about August 2\ , 2009, the following document(s) under which the undersigned is obligated to repay monies to Bank:

$1,120,000.00-Guaranty of Multiple Advance Term Note

A. THE UNDERSIGNED ACKNOWLEDGES AND AGREES THAT THE ABOVE DOCUMENTS CONTAIN PROVISIONS UNDER WHICH BANK MAY ENTER JUDGMENT BY CONFESSION AGAINST THE UNDERSIGNED. BEING FULLY AWARE OF HIS RIGHTS TO PRIOR NOTICE AND A HEARING ON THE VALIDITY OF ANY JUDGMENT OR OTHER CLAIMS THAT MAY BE ASSERTED AGAINST HIM BY BANK THEREUNDER BEFORE JUDGMENT IS ENTERED, THE UNDERSIGNED HEREBY FREELY, KNOWINGLY AND INTELLIGENTLY WAIVES THESE RIGHTS AND EXPRESSLY AGREES AND CONSENTS TO BANK'S ENTERING JUDGMENT AGAINST HIM BY CONFESSION PURSUANT TO THE TERMS THEREOF.

B. THE UNDERSIGNED ALSO ACKNOWLEDGES AND AGREES THAT THE ABOVE DOCUMENTS CONTAIN PROVISIONS UNDER WHICH BANK MAY, AFTER ENTRY OF JUDGMENT AND WITHOUT EITHER NOTICE OR A HEARING, FORECLOSE UPON, ATTACH, LEVY, TAKE POSSESSION OF OR OTHERWISE SEIZE PROPERTY OF THE UNDERSIGNED IN FULL OR PARTIAL PAYMENT OF THE JUDGMENT. BEING FULLY AWARE OF HIS RIGHTS AFTER JUDGMENT IS ENTERED (INCLUDING THE RIGHT TO MOVE TO OPEN OR STRIKE THE JUDGMENT), THE UNDERSIGNED HEREBY FREELY, KNOWINGLY AND INTELLIGENTLY WAIVES HIS RIGHTS TO NOTICE AND A HEARING AND EXPRESSLY AGREES AND CONSENTS TO BANK'S TAKING SUCH ACTIONS AS MAY BE PERMITTED UNDER APPLICABLE STATE AND FEDERAL LAW WITHOUT PRIOR NOTICE TO THE UNDERSIGNED.

C. The undersigned certifies that a representative of Bank specifically called the confession of judgment provisions in the above documents to the attention of the undersigned, and/or that the undersigned was represented by legal counsel in connection with the above documents.

D.  The undersigned hereby certifies:  that his annual income exceeds $10,000; that all references to "the undersigned" above refer to all persons and entities signing below; and that the undersigned received a copy hereof at the time of signing.

_____
**WITNESS**

_____
**RIKESH DESAI**

**MAHESH SHAH**
**NOTARY PUBLIC OF NEW JERSEY**
**Commission Expires 10/15/2009**

- 2 -

GUARANTY AND SURETYSHIP AGREEMENT

WITH CONFESSION OF JUDGMENT

This Guaranty and Suretyship Agreement ("Guaranty") is given by **LEENA SHAH,** (the "Surety") 20 Tower Rd  Edison NJ · _____ to **THE FIDELITY DEPOSIT AND DISCOUNT BANK** (the "Bank"), with offices at Blakely and Drinker Streets, Dunmore, Pennsylvania 18512:

WITNESSETH:

For Value Received, the Surety absolutely and unconditionally guarantees and becomes Surety for all the obligations of CLARKS SUMMIT HOSPITALITY, LLC (the "Borrower"), to Bank with respect to the payment of all sums of every nature and kind now and at any time hereafter due and owing to Bank with respect to the Loan Agreement between Borrower and Bank, as evidenced by a Multiple Advance Term Note ("Note") in the face amount of $1,120,000.00, dated August 21, 2009 in the manner provided in the documents evidencing and securing the same, and all replacements and renewals thereof at any time hereafter delivered to Bank (the "Loan Documents"), with interest at the applicable rate(s) therein specified, as well as all sums advanced or expended by Bank for the collection thereof, for the protection of any and all collateral held by Bank as security therefore, and for all other purposes authorized by the Loan Documents (including all legal fees, attorney's commissions, and legal expenses and costs), at any time hereafter due and owing to Bank under the provisions of the Loan Documents, with interest thereon from the date of advance or expenditure to the date of payment at the applicable rate therein specified (collectively, the "Indebtedness") whether at maturity or by declaration, acceleration, or otherwise.

The obligations of the Surety are joint and several with other Guarantors and Sureties.

Surety hereby acknowledges that it has received copies of the Loan Documents and has carefully examined the same, and that it has executed this Guaranty with full knowledge of the nature and extent of the Indebtedness hereby guaranteed.

Surety hereby waives presentment for payment, notice of nonpayment, demand and protest and agrees that its obligations under this Guaranty are absolute and unconditional and shall not be affected by any release or discharge of the Borrower; by any renewal or extensions of time of payment of the Indebtedness; by any compromise with or indulgence granted to the Borrower; by any modification in the terms of the Indebtedness; by any substitution or release of collateral; or by any other matter or thing whatsoever whereby the Sureties as the absolute and unconditional guarantors of and sureties for the Indebtedness, would or might be deemed released or discharged.

In the event the Borrower at any time fails to pay the Indebtedness in the manner provided in the Loan Documents, the Surety agrees to pay the same directly to Bank on demand. The obligations of the Surety hereunder shall be directly enforceable by Bank without prior action of any nature against the Borrower, or any other person or entity, and without any obligation on the part of Bank to exercise remedies against any collateral for the Indebtedness held by Bank. The said obligations are continuing, absolute, and unconditional irrespective of the genuiness, validity or enforceability of the Loan Documents, or any of them, or of any other circumstance which might otherwise constitute a legal or equitable discharge of a guarantor or Sureties, and shall remain in full force and effect as long as any portion of the Indebtedness

remains outstanding and unpaid. The Surety shall pay, in addition to all other sums payable hereunder, the reasonable costs and expenses incurred by Bank in connection with all actions taken to enforce collection of the Indebtedness from the Surety upon default by the Borrower, whether by legal proceedings or otherwise, including, without limitation, costs of suit and an attorney's commission, as hereinafter provided.

IF THE SURETY FAILS TO PAY THE INDEBTEDNESS ON DEMAND, AS HEREIN PROVIDED, THE SURETY HEREBY AUTHORIZES AND EMPOWERS ANY ATTORNEY OF ANY COURT OF RECORD IN THE COMMONWEALTH OF PENNSYLVANIA TO APPEAR FOR SURETY AND CONFESS JUDGMENT IN FAVOR OF THE BANK AND AGAINST SURETY IN THE COURT OF COMMON PLEAS OF PIKE COUNTY OR IN ANY COUNTY IN THE COMMONWEALTH OF PENNSYLVANIA FOR THE TOTAL PRINCIPAL AMOUNT THEN DUE AND OWING TO THE BANK, WITH INTEREST AT THE RATE SPECIFIED, AS WELL AS COSTS OF SUIT AND AN ATTORNEY'S COMMISSION FOR COLLECTION OF FIFTEEN PERCENT (15%) OF THE TOTAL PRINCIPAL AMOUNT THEN DUE AND OWING, WITH RELEASE OF ALL PROCEDURAL ERRORS. THE SURETY HEREBY JOINTLY AND SEVERALLY AGREES THAT THE DEATH OF ONE OR MORE OF THEM SHALL NOT BE DEEMED TO TERMINATE THE AUTHORITY TO CONFESS JUDGMENT HEREBY GRANTED, AND THAT THE BANK MAY CAUSE JUDGMENT TO BE ENTERED IN SUCH EVENT AGAINST THE PERSONAL REPRESENTATIVE OF THE ESTATE OF A DECEASED SURETY AND/OR AGAINST THE SURVIVING SURETY AT THE OPTION OF THE BANK. THE AUTHORITY TO CONFESS JUDGMENT HEREIN GRANTED SHALL NOT BE EXHAUSTED BY ANY ONE EXERCISE THEREOF, BUT SHALL CONTINUE FROM TIME TO TIME AND AT ALL TIMES UNTIL PAYMENT IN FULL OF THE TOTAL AMOUNT DUE THE BANK AND THE ENTRY OF JUDGMENT ON THIS AGREEMENT OF GUARANTY AND SURETYSHIP SHALL NOT BE DEEMED TO LIMIT OR RESTRICT THE RIGHT OF THE BANK TO COLLECT INTEREST ON THE TOTAL PRINCIPAL AMOUNT DUE AND OWING AT THE RATE SPECIFIED IN THE LOAN DOCUMENTS UNTIL THE SAME IS PAID IN FULL

Surety hereby waives the benefit of any present or future laws and rules of procedure that authorize stay of execution on any judgment entered on this Guaranty and all exemptions of property from levy and sale thereunder, and also hereby waives any and all errors, defects, or imperfection whatsoever of a procedural nature n the entry of any judgment, or the transfer of the same to any other county or jurisdiction, or in any process or proceedings to enforce the same.

Sureties waive notice of acceptance of the Guaranty by Bank.

All notices to and demands on the Surety shall be in writing and effective when received, after having been sent to the Surety by registered or certified United States mail, return receipt requested and postage prepaid. addressed to the Surety at the address stated in the introductory portion of this Guaranty, and the Surety hereby agrees that no change in the above address shall be effective as to Bank unless the change of address is incorporated into a written supplement to this Guaranty signed by Bank and the Surety.

This Guaranty shall constitute a contract of Suretyship under the laws of the Commonwealth of Pennsylvania, and for all purposes shall be construed in accordance with said laws.

All the foregoing agreements and obligations including, without limitation, the foregoing warrant of attorney to confess judgment, shall bind the Surety, its successors and assigns, and shall inure to the benefit of Bank, its successors and assigns.

In Witness Whereof, Surety has executed this Guaranty this ⎯⎯ day of August, 2009.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ (SEAL)
LEENA SHAH

**MAHESH SHAH**
**NOTARY PUBLIC OF NEW JERSEY**
**Commission Expires 10/15/2009**

**STATE OF** _New Jersey_                :

                                         : SS

**COUNTY OF** _Essex._                   :

On the _20th_ day of _____ _August_ _____, in the year 2009, before me the

undersigned officer, personally appeared LEENA SHAH hereunto me (or satisfactorily proven)

to be the person whose name is subscribed to the within instrument, and acknowledged that she

executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

_____

NOTARY

**MAHESH SHAH**
**NOTARY PUBLIC OF NEW JERSEY**
**Commission Expires 10/15/2009**

# DISCLOSURE FOR CONFESSION OF JUDGMENT

**Undersigned:**            **LEENA SHAH**

**Bank:**                 **The Fidelity Deposit and Discount Bank**
                          **Blakely and Drinker Streets**
                          **Dunmore, PA 18512**

The undersigned has executed, and/or is executing, on or about August, 2009, the following document(s) under which the undersigned is obligated to repay monies to Bank:

$1,120,000.00- Guaranty of Multiple Advance Term Note

A. THE UNDERSIGNED ACKNOWLEDGES AND AGREES THAT THE ABOVE DOCUMENTS CONTAIN PROVISIONS UNDER WHICH BANK MAY ENTER JUDGMENT BY CONFESSION AGAINST THE UNDERSIGNED. BEING FULLY AWARE OF HER RIGHTS TO PRIOR NOTICE AND A HEARING ON THE VALIDITY OF ANY JUDGMENT OR OTHER CLAIMS THAT MAY BE ASSERTED AGAINST HER BY BANK THEREUNDER BEFORE JUDGMENT IS ENTERED, THE UNDERSIGNED HEREBY FREELY, KNOWINGLY AND INTELLIGENTLY WAIVES THESE RIGHTS AND EXPRESSLY AGREES AND CONSENTS TO BANK'S ENTERING JUDGMENT AGAINST HER BY CONFESSION PURSUANT TO THE TERMS THEREOF.

B. THE UNDERSIGNED ALSO ACKNOWLEDGES AND AGREES THAT THE ABOVE DOCUMENTS CONTAIN PROVISIONS UNDER WHICH BANK MAY, AFTER ENTRY OF JUDGMENT AND WITHOUT EITHER NOTICE OR A HEARING, FORECLOSE UPON, ATTACH, LEVY, TAKE POSSESSION OF OR OTHERWISE SEIZE PROPERTY OF THE UNDERSIGNED IN FULL OR PARTIAL PAYMENT OF THE JUDGMENT. BEING FULLY AWARE OF HER RIGHTS AFTER JUDGMENT IS ENTERED (INCLUDING THE RIGHT TO MOVE TO OPEN OR STRIKE THE JUDGMENT), THE UNDERSIGNED HEREBY FREELY, KNOWINGLY AND INTELLIGENTLY WAIVES HER RIGHTS TO NOTICE AND A HEARING AND EXPRESSLY AGREES AND CONSENTS TO BANK'S TAKING SUCH ACTIONS AS MAY BE PERMITTED UNDER APPLICABLE STATE AND FEDERAL LAW WITHOUT PRIOR NOTICE TO THE UNDERSIGNED.

C. The undersigned certifies that a representative of Bank specifically called the confession of judgment provisions in the above documents to the attention of the undersigned, and/or that the undersigned was represented by legal counsel in connection with the above documents.

D.  The undersigned hereby certifies:  that her annual income exceeds $10,000; that all references to "the undersigned" above refer to all persons and entities signing below; and that the undersigned received a copy hereof at the time of signing.


**WITNESS**

**LEENA SHAH**

**MAHESH SHAH**
**NOTARY PUBLIC OF NEW JERSEY**
**Commission Expires 10/15/2009**

-2-

GUARANTY AND SURETYSHIP AGREEMENT

WITH CONFESSION OF JUDGMENT

This Guaranty and Suretyship Agreement ("Guaranty") is given by **BHARAT PARIKH**, (the "Surety") *125 Eileen Drive, Cedar Grove, NJ 07009* to **THE FIDELITY DEPOSIT AND DISCOUNT BANK** (the "Bank"), with offices at Blakely and Drinker Streets, Dunmore, Pennsylvania 18512:

WITNESSETH:

For Value Received, the Surety absolutely and unconditionally guarantees and becomes Surety for all the obligations of CLARKS SUMMIT HOSPITALITY, LLC (the "Borrower"), to Bank with respect to the payment of all sums of every nature and kind now and at any time hereafter due and owing to Bank with respect to the Loan Agreement between Borrower and Bank, as evidenced by a Multiple Advance Term Note ("Note") in the face amount of $1,120,000.00, dated August ____, 2009 in the manner provided in the documents evidencing and securing the same, and all replacements and renewals thereof at any time hereafter delivered to Bank (the "Loan Documents"), with interest at the applicable rate(s) therein specified, as well as all sums advanced or expended by Bank for the collection thereof, for the protection of any and all collateral held by Bank as security therefore, and for all other purposes authorized by the Loan Documents (including all legal fees, attorney's commissions, and legal expenses and costs), at any time hereafter due and owing to Bank under the provisions of the Loan Documents, with interest thereon from the date of advance or expenditure to the date of payment at the applicable rate therein specified (collectively, the "Indebtedness") whether at maturity or by declaration, acceleration, or otherwise.

The obligations of the Surety are joint and several with other Guarantors and Sureties.

Surety hereby acknowledges that it has received copies of the Loan Documents and has carefully examined the same, and that it has executed this Guaranty with full knowledge of the nature and extent of the Indebtedness hereby guaranteed.

Surety hereby waives presentment for payment, notice of nonpayment, demand and protest and agrees that its obligations under this Guaranty are absolute and unconditional and shall not be affected by any release or discharge of the Borrower; by any renewal or extensions of time of payment of the Indebtedness; by any compromise with or indulgence granted to the Borrower; by any modification in the terms of the Indebtedness; by any substitution or release of collateral; or by any other matter or thing whatsoever whereby the Sureties as the absolute and unconditional guarantors of and sureties for the Indebtedness, would or might be deemed released or discharged.

In the event the Borrower at any time fails to pay the Indebtedness in the manner provided in the Loan Documents, the Surety agrees to pay the same directly to Bank on demand. The obligations of the Surety hereunder shall be directly enforceable by Bank without prior action of any nature against the Borrower, or any other person or entity, and without any obligation on the part of Bank to exercise remedies against any collateral for the Indebtedness held by Bank. The said obligations are continuing, absolute, and unconditional irrespective of the genuiness, validity or enforceability of the Loan Documents, or any of them, or of any other circumstance which might otherwise constitute a legal or equitable discharge of a guarantor or Sureties, and shall remain in full force and effect as long as any portion of the Indebtedness

remains outstanding and unpaid. The Surety shall pay, in addition to all other sums payable hereunder, the reasonable costs and expenses incurred by Bank in connection with all actions taken to enforce collection of the Indebtedness from the Surety upon default by the Borrower, whether by legal proceedings or otherwise, including, without limitation, costs of suit and an attorney's commission, as hereinafter provided.

IF THE SURETY FAILS TO PAY THE INDEBTEDNESS ON DEMAND, AS HEREIN PROVIDED, THE SURETY HEREBY AUTHORIZES AND EMPOWERS ANY ATTORNEY OF ANY COURT OF RECORD IN THE COMMONWEALTH OF PENNSYLVANIA TO APPEAR FOR SURETY AND CONFESS JUDGMENT IN FAVOR OF THE BANK AND AGAINST SURETY IN THE COURT OF COMMON PLEAS OF PIKE COUNTY OR IN ANY COUNTY IN THE COMMONWEALTH OF PENNSYLVANIA FOR THE TOTAL PRINCIPAL AMOUNT THEN DUE AND OWING TO THE BANK, WITH INTEREST AT THE RATE SPECIFIED, AS WELL AS COSTS OF SUIT AND AN ATTORNEY'S COMMISSION FOR COLLECTION OF FIFTEEN PERCENT (15%) OF THE TOTAL PRINCIPAL AMOUNT THEN DUE AND OWING, WITH RELEASE OF ALL PROCEDURAL ERRORS. THE SURETY HEREBY JOINTLY AND SEVERALLY AGREES THAT THE DEATH OF ONE OR MORE OF THEM SHALL NOT BE DEEMED TO TERMINATE THE AUTHORITY TO CONFESS JUDGMENT HEREBY GRANTED, AND THAT THE BANK MAY CAUSE JUDGMENT TO BE ENTERED IN SUCH EVENT AGAINST THE PERSONAL REPRESENTATIVE OF THE ESTATE OF A DECEASED SURETY AND/OR AGAINST THE SURVIVING SURETY AT THE OPTION OF THE BANK. THE AUTHORITY TO CONFESS JUDGMENT HEREIN GRANTED SHALL NOT BE EXHAUSTED BY ANY ONE EXERCISE THEREOF, BUT SHALL CONTINUE FROM TIME TO TIME AND AT ALL TIMES UNTIL PAYMENT IN FULL OF THE TOTAL AMOUNT DUE THE BANK AND THE ENTRY OF JUDGMENT ON THIS AGREEMENT OF GUARANTY AND SURETYSHIP SHALL NOT BE DEEMED TO LIMIT OR RESTRICT THE RIGHT OF THE BANK TO COLLECT INTEREST ON THE TOTAL PRINCIPAL AMOUNT DUE AND OWING AT THE RATE SPECIFIED IN THE LOAN DOCUMENTS UNTIL THE SAME IS PAID IN FULL

Surety hereby waives the benefit of any present or future laws and rules of procedure that authorize stay of execution on any judgment entered on this Guaranty and all exemptions of property from levy and sale thereunder, and also hereby waives any and all errors, defects, or imperfection whatsoever of a procedural nature n the entry of any judgment, or the transfer of the same to any other county or jurisdiction, or in any process or proceedings to enforce the same.

Sureties waive notice of acceptance of the Guaranty by Bank.

All notices to and demands on the Surety shall be in writing and effective when received, after having been sent to the Surety by registered or certified United States mail, return receipt requested and postage prepaid. addressed to the Surety at the address stated in the introductory portion of this Guaranty, and the Surety hereby agrees that no change in the above address shall be effective as to Bank unless the change of address is incorporated into a written supplement to this Guaranty signed by Bank and the Surety.

This Guaranty shall constitute a contract of Suretyship under the laws of the Commonwealth of Pennsylvania, and for all purposes shall be construed in accordance with said laws.

All the foregoing agreements and obligations including, without limitation, the foregoing warrant of attorney to confess judgment, shall bind the Surety, its successors and assigns, and shall inure to the benefit of Bank, its successors and assigns.

In Witness Whereof, Surety has executed this Guaranty this __17th__ day of August, 2009.

_Bharat Parikh by Ankit_ (SEAL)

BHARAT PARIKH by Ankim M. Shah,
by Power of Attorney

STATE OF _____ N.J _____         :
                                      : SS
COUNTY OF _____ Essex _____      :


On the _20th_ day of _August_ , in the year 2009, before me the
undersigned officer, personally appeared *Ankim M. Shah, POA for* BHARAT PARIKH hereunto me (or satisfactorily
proven) to be the person whose name is subscribed to the within instrument, and acknowledged
that he executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.


_____
NOTARY

**MAHESH SHAH**
**NOTARY PUBLIC OF NEW JERSEY**
**Commission Expires 10/15/2009**

## DISCLOSURE FOR CONFESSION OF JUDGMENT

**Undersigned:**        **BHARAT PARIKH**

**Bank:**               **The Fidelity Deposit and Discount Bank**
                        **Blakely and Drinker Streets**
                        **Dunmore, PA 18512**

The undersigned has executed, and/or is executing, on or about August 2|, 2009, the following document(s) under which the undersigned is obligated to repay monies to Bank:

$1,120,000.00-Guaranty of Multiple Advance Term Note

A. THE UNDERSIGNED ACKNOWLEDGES AND AGREES THAT THE ABOVE DOCUMENTS CONTAIN PROVISIONS UNDER WHICH BANK MAY ENTER JUDGMENT BY CONFESSION AGAINST THE UNDERSIGNED. BEING FULLY AWARE OF HIS RIGHTS TO PRIOR NOTICE AND A HEARING ON THE VALIDITY OF ANY JUDGMENT OR OTHER CLAIMS THAT MAY BE ASSERTED AGAINST HIM BY BANK THEREUNDER BEFORE JUDGMENT IS ENTERED, THE UNDERSIGNED HEREBY FREELY, KNOWINGLY AND INTELLIGENTLY WAIVES THESE RIGHTS AND EXPRESSLY AGREES AND CONSENTS TO BANK'S ENTERING JUDGMENT AGAINST HIM BY CONFESSION PURSUANT TO THE TERMS THEREOF.

B. THE UNDERSIGNED ALSO ACKNOWLEDGES AND AGREES THAT THE ABOVE DOCUMENTS CONTAIN PROVISIONS UNDER WHICH BANK MAY, AFTER ENTRY OF JUDGMENT AND WITHOUT EITHER NOTICE OR A HEARING, FORECLOSE UPON, ATTACH, LEVY, TAKE POSSESSION OF OR OTHERWISE SEIZE PROPERTY OF THE UNDERSIGNED IN FULL OR PARTIAL PAYMENT OF THE JUDGMENT. BEING FULLY AWARE OF HIS RIGHTS AFTER JUDGMENT IS ENTERED (INCLUDING THE RIGHT TO MOVE TO OPEN OR STRIKE THE JUDGMENT), THE UNDERSIGNED HEREBY FREELY, KNOWINGLY AND INTELLIGENTLY WAIVES HIS RIGHTS TO NOTICE AND A HEARING AND EXPRESSLY AGREES AND CONSENTS TO BANK'S TAKING SUCH ACTIONS AS MAY BE PERMITTED UNDER APPLICABLE STATE AND FEDERAL LAW WITHOUT PRIOR NOTICE TO THE UNDERSIGNED.

C. The undersigned certifies that a representative of Bank specifically called the confession of judgment provisions in the above documents to the attention of the undersigned, and/or that the undersigned was represented by legal counsel in connection with the above documents.

D.  The undersigned hereby certifies:  that his annual income exceeds $10,000; that all references to "the undersigned" above refer to all persons and entities signing below; and that the undersigned received a copy hereof at the time of signing.


**WITNESS**

**MAHESH SHAH**
**NOTARY PUBLIC OF NEW JERSEY**
**Commission Expires 10/16/2009**

BHARAT PARIKH by

Ankon M. Shah, as Power of Attorney

-2-

GUARANTY AND SURETYSHIP AGREEMENT

WITH CONFESSION OF JUDGMENT

This Guaranty and Suretyship Agreement ("Guaranty") is given by **BHARAT SHAH**, (the "Surety") 51 Grissing Court, Cedar Grove NJ 07009 to **THE FIDELITY DEPOSIT AND DISCOUNT BANK** (the "Bank"), with offices at Blakely and Drinker Streets, Dunmore, Pennsylvania 18512:

WITNESSETH:

For Value Received, the Surety absolutely and unconditionally guarantees and becomes Surety for all the obligations of CLARKS SUMMIT HOSPITALITY, LLC (the "Borrower"), to Bank with respect to the payment of all sums of every nature and kind now and at any time hereafter due and owing to Bank with respect to the Loan Agreement between Borrower and Bank, as evidenced by a Multiple Advance Term Note (" Note") in the face amount of One Million One Hundred and Twenty Thousand ($1,120,000.00) Dollars, dated August 2 1 , 2009 in the manner provided in the documents evidencing and securing the same, and all replacements and renewals thereof at any time hereafter delivered to Bank (the "Loan Documents"), with interest at the applicable rate(s) therein specified, as well as all sums advanced or expended by Bank for the collection thereof, for the protection of any and all collateral held by Bank as security therefore, and for all other purposes authorized by the Loan Documents (including all legal fees, attorney's commissions, and legal expenses and costs), at any time hereafter due and owing to Bank under the provisions of the Loan Documents, with interest thereon from the date of advance or expenditure to the date of payment at the applicable rate therein specified (collectively, the "Indebtedness") whether at maturity or by declaration, acceleration, or otherwise.

The obligations of the Surety are joint and several with other Guarantors and Sureties.

Surety hereby acknowledges that it has received copies of the Loan Documents and has carefully examined the same, and that it has executed this Guaranty with full knowledge of the nature and extent of the Indebtedness hereby guaranteed.

Surety hereby waives presentment for payment, notice of nonpayment, demand and protest and agrees that its obligations under this Guaranty are absolute and unconditional and shall not be affected by any release or discharge of the Borrower; by any renewal or extensions of time of payment of the Indebtedness; by any compromise with or indulgence granted to the Borrower; by any modification in the terms of the Indebtedness; by any substitution or release of collateral; or by any other matter or thing whatsoever whereby the Sureties as the absolute and unconditional guarantors of and sureties for the Indebtedness, would or might be deemed released or discharged.

In the event the Borrower at any time fails to pay the Indebtedness in the manner provided in the Loan Documents, the Surety agrees to pay the same directly to Bank on demand. The obligations of the Surety hereunder shall be directly enforceable by Bank without prior action of any nature against the Borrower, or any other person or entity, and without any obligation on the part of Bank to exercise remedies against any collateral for the Indebtedness held by Bank. The said obligations are continuing, absolute, and unconditional irrespective of the genuiness, validity or enforceability of the Loan Documents, or any of them, or of any other circumstance which might otherwise constitute a legal or equitable discharge of a guarantor or

Sureties, and shall remain in full force and effect as long as any portion of the Indebtedness remains outstanding and unpaid. The Surety shall pay, in addition to all other sums payable hereunder, the reasonable costs and expenses incurred by Bank in connection with all actions taken to enforce collection of the Indebtedness from the Surety upon default by the Borrower, whether by legal proceedings or otherwise, including, without limitation, costs of suit and an attorney's commission, as hereinafter provided.

IF THE SURETY FAILS TO PAY THE INDEBTEDNESS ON DEMAND, AS HEREIN PROVIDED, THE SURETY HEREBY AUTHORIZES AND EMPOWERS ANY ATTORNEY OF ANY COURT OF RECORD IN THE COMMONWEALTH OF PENNSYLVANIA TO APPEAR FOR SURETY AND CONFESS JUDGMENT IN FAVOR OF THE BANK AND AGAINST SURETY IN THE COURT OF COMMON PLEAS OF PIKE COUNTY OR IN ANY COUNTY IN THE COMMONWEALTH OF PENNSYLVANIA FOR THE TOTAL PRINCIPAL AMOUNT THEN DUE AND OWING TO THE BANK, WITH INTEREST AT THE RATE SPECIFIED, AS WELL AS COSTS OF SUIT AND AN ATTORNEY'S COMMISSION FOR COLLECTION OF FIFTEEN PERCENT (15%) OF THE TOTAL PRINCIPAL AMOUNT THEN DUE AND OWING, WITH RELEASE OF ALL PROCEDURAL ERRORS. THE SURETY HEREBY JOINTLY AND SEVERALLY AGREES THAT THE DEATH OF ONE OR MORE OF THEM SHALL NOT BE DEEMED TO TERMINATE THE AUTHORITY TO CONFESS JUDGMENT HEREBY GRANTED, AND THAT THE BANK MAY CAUSE JUDGMENT TO BE ENTERED IN SUCH EVENT AGAINST THE PERSONAL REPRESENTATIVE OF THE ESTATE OF A DECEASED SURETY AND/OR AGAINST THE SURVIVING SURETY AT THE OPTION OF THE BANK. THE AUTHORITY TO CONFESS JUDGMENT HEREIN GRANTED SHALL NOT BE EXHAUSTED BY ANY ONE EXERCISE THEREOF, BUT SHALL CONTINUE FROM TIME TO TIME AND AT ALL TIMES UNTIL PAYMENT IN FULL OF THE TOTAL AMOUNT DUE THE BANK AND THE ENTRY OF JUDGMENT ON THIS AGREEMENT OF GUARANTY AND SURETYSHIP SHALL NOT BE DEEMED TO LIMIT OR RESTRICT THE RIGHT OF THE BANK TO COLLECT INTEREST ON THE TOTAL PRINCIPAL AMOUNT DUE AND OWING AT THE RATE SPECIFIED IN THE LOAN DOCUMENTS UNTIL THE SAME IS PAID IN FULL

Surety hereby waives the benefit of any present or future laws and rules of procedure that authorize stay of execution on any judgment entered on this Guaranty and all exemptions of property from levy and sale thereunder, and also hereby waives any and all errors, defects, or imperfection whatsoever of a procedural nature n the entry of any judgment, or the transfer of the same to any other county or jurisdiction, or in any process or proceedings to enforce the same.

Sureties waive notice of acceptance of the Guaranty by Bank.

All notices to and demands on the Surety shall be in writing and effective when received, after having been sent to the Surety by registered or certified United States mail, return receipt requested and postage prepaid. addressed to the Surety at the address stated in the introductory portion of this Guaranty, and the Surety hereby agrees that no change in the above address shall be effective as to Bank unless the change of address is incorporated into a written supplement to this Guaranty signed by Bank and the Surety.

This Guaranty shall constitute a contract of Suretyship under the laws of the Commonwealth of Pennsylvania, and for all purposes shall be construed in accordance with said laws.

All the foregoing agreements and obligations including, without limitation, the foregoing warrant of attorney to confess judgment, shall bind the Surety, its successors and assigns, and shall inure to the benefit of Bank, its successors and assigns.

In Witness Whereof, Surety has executed this Guaranty this 20th day of August, 2009.

_____(SEAL)
BHARAT SHAH

MAHESH SHAH
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 10/15/2009

STATE OF _____ *N. J.* _____        :
                                        : SS
COUNTY OF _____ *Essex* _____       :


On the _*20th*_ day of _____ *August* _____, in the year 2009, before me the undersigned officer, personally appeared BHARAT SHAH hereunto me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that he executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.


NOTARY _____

**MAHESH SHAH**
**NOTARY PUBLIC OF NEW JERSEY**
**Commission Expires 10/15/2009**

## DISCLOSURE FOR CONFESSION OF JUDGMENT

**Undersigned:**        **BHARAT SHAH**

**Bank:**            **The Fidelity Deposit and Discount Bank**
                **Blakely and Drinker Streets**
                **Dunmore, PA 18512**

The undersigned has executed, and/or is executing, on or about August, 2009, the following document(s) under which the undersigned is obligated to repay monies to Bank:

$1,120,000.00-Guaranty of Multiple Advance Term Note

A. THE UNDERSIGNED ACKNOWLEDGES AND AGREES THAT THE ABOVE DOCUMENTS CONTAIN PROVISIONS UNDER WHICH BANK MAY ENTER JUDGMENT BY CONFESSION AGAINST THE UNDERSIGNED. BEING FULLY AWARE OF HIS RIGHTS TO PRIOR NOTICE AND A HEARING ON THE VALIDITY OF ANY JUDGMENT OR OTHER CLAIMS THAT MAY BE ASSERTED AGAINST HIM BY BANK THEREUNDER BEFORE JUDGMENT IS ENTERED, THE UNDERSIGNED HEREBY FREELY, KNOWINGLY AND INTELLIGENTLY WAIVES THESE RIGHTS AND EXPRESSLY AGREES AND CONSENTS TO BANK'S ENTERING JUDGMENT AGAINST HIM BY CONFESSION PURSUANT TO THE TERMS THEREOF.

B. THE UNDERSIGNED ALSO ACKNOWLEDGES AND AGREES THAT THE ABOVE DOCUMENTS CONTAIN PROVISIONS UNDER WHICH BANK MAY, AFTER ENTRY OF JUDGMENT AND WITHOUT EITHER NOTICE OR A HEARING, FORECLOSE UPON, ATTACH, LEVY, TAKE POSSESSION OF OR OTHERWISE SEIZE PROPERTY OF THE UNDERSIGNED IN FULL OR PARTIAL PAYMENT OF THE JUDGMENT. BEING FULLY AWARE OF HIS RIGHTS AFTER JUDGMENT IS ENTERED (INCLUDING THE RIGHT TO MOVE TO OPEN OR STRIKE THE JUDGMENT), THE UNDERSIGNED HEREBY FREELY, KNOWINGLY AND INTELLIGENTLY WAIVES HIS RIGHTS TO NOTICE AND A HEARING AND EXPRESSLY AGREES AND CONSENTS TO BANK'S TAKING SUCH ACTIONS AS MAY BE PERMITTED UNDER APPLICABLE STATE AND FEDERAL LAW WITHOUT PRIOR NOTICE TO THE UNDERSIGNED.

C. The undersigned certifies that a representative of Bank specifically called the confession of judgment provisions in the above documents to the attention of the undersigned, and/or that the undersigned was represented by legal counsel in connection with the above documents.

D. The undersigned hereby certifies: that his annual income exceeds $10,000; that all references to "the undersigned" above refer to all persons and entities signing below; and that the undersigned received a copy hereof at the time of signing.


WITNESS

BHARAT SHAH

MAHESH SHAH
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 10/15/2009

GUARANTY AND SURETYSHIP AGREEMENT

WITH CONFESSION OF JUDGMENT

This Guaranty and Suretyship Agreement ("Guaranty") is given by **KETUL DESAI**, (the "Surety") 8 Dryer Ct. Plainsboro, NJ 08536 to **THE FIDELITY DEPOSIT AND DISCOUNT BANK** (the "Bank"), with offices at Blakely and Drinker Streets, Dunmore, Pennsylvania 18512:

WITNESSETH:

For Value Received, the Surety absolutely and unconditionally guarantees and becomes Surety for all the obligations of CLARKS SUMMIT HOSPITALITY, LLC (the "Borrower"), to Bank with respect to the payment of all sums of every nature and kind now and at any time hereafter due and owing to Bank with respect to the Loan Agreement between Borrower and Bank, as evidenced by a Multiple Advance Term Note ("Note") in the face amount of One Million One Hundred Twenty Thousand ($1,120,000.00) Dollars, dated August ____, 2009, in the manner provided in the documents evidencing and securing the same, and all replacements and renewals thereof at any time hereafter delivered to Bank (the "Loan Documents"), with interest at the applicable rate(s) therein specified, as well as all sums advanced or expended by Bank for the collection thereof, for the protection of any and all collateral held by Bank as security therefore, and for all other purposes authorized by the Loan Documents (including all legal fees, attorney's commissions, and legal expenses and costs), at any time hereafter due and owing to Bank under the provisions of the Loan Documents, with interest thereon from the date of advance or expenditure to the date of payment at the applicable rate therein specified (collectively, the "Indebtedness") whether at maturity or by declaration, acceleration, or otherwise.

The obligations of the Surety are joint and several with other Guarantors and Sureties.

Surety hereby acknowledges that it has received copies of the Loan Documents and has carefully examined the same, and that it has executed this Guaranty with full knowledge of the nature and extent of the Indebtedness hereby guaranteed.

Surety hereby waives presentment for payment, notice of nonpayment, demand and protest and agrees that its obligations under this Guaranty are absolute and unconditional and shall not be affected by any release or discharge of the Borrower; by any renewal or extensions of time of payment of the Indebtedness; by any compromise with or indulgence granted to the Borrower; by any modification in the terms of the Indebtedness; by any substitution or release of collateral; or by any other matter or thing whatsoever whereby the Sureties as the absolute and unconditional guarantors of and sureties for the Indebtedness, would or might be deemed released or discharged.

In the event the Borrower at any time fails to pay the Indebtedness in the manner provided in the Loan Documents, the Surety agrees to pay the same directly to Bank on demand. The obligations of the Surety hereunder shall be directly enforceable by Bank without prior action of any nature against the Borrower, or any other person or entity, and without any obligation on the part of Bank to exercise remedies against any collateral for the Indebtedness held by Bank. The said obligations are continuing, absolute, and unconditional irrespective of the genuiness, validity or enforceability of the Loan Documents, or any of them, or of any other circumstance which might otherwise constitute a legal or equitable discharge of a guarantor or

Sureties, and shall remain in full force and effect as long as any portion of the Indebtedness remains outstanding and unpaid. The Surety shall pay, in addition to all other sums payable hereunder, the reasonable costs and expenses incurred by Bank in connection with all actions taken to enforce collection of the Indebtedness from the Surety upon default by the Borrower, whether by legal proceedings or otherwise, including, without limitation, costs of suit and an attorney's commission, as hereinafter provided.

IF THE SURETY FAILS TO PAY THE INDEBTEDNESS ON DEMAND, AS HEREIN PROVIDED, THE SURETY HEREBY AUTHORIZES AND EMPOWERS ANY ATTORNEY OF ANY COURT OF RECORD IN THE COMMONWEALTH OF PENNSYLVANIA TO APPEAR FOR SURETY AND CONFESS JUDGMENT IN FAVOR OF THE BANK AND AGAINST SURETY IN THE COURT OF COMMON PLEAS OF PIKE COUNTY OR IN ANY COUNTY IN THE COMMONWEALTH OF PENNSYLVANIA FOR THE TOTAL PRINCIPAL AMOUNT THEN DUE AND OWING TO THE BANK, WITH INTEREST AT THE RATE SPECIFIED, AS WELL AS COSTS OF SUIT AND AN ATTORNEY'S COMMISSION FOR COLLECTION OF FIFTEEN PERCENT (15%) OF THE TOTAL PRINCIPAL AMOUNT THEN DUE AND OWING, WITH RELEASE OF ALL PROCEDURAL ERRORS. THE SURETY HEREBY JOINTLY AND SEVERALLY AGREES THAT THE DEATH OF ONE OR MORE OF THEM SHALL NOT BE DEEMED TO TERMINATE THE AUTHORITY TO CONFESS JUDGMENT HEREBY GRANTED, AND THAT THE BANK MAY CAUSE JUDGMENT TO BE ENTERED IN SUCH EVENT AGAINST THE PERSONAL REPRESENTATIVE OF THE ESTATE OF A DECEASED SURETY AND/OR AGAINST THE SURVIVING SURETY AT THE OPTION OF THE BANK. THE AUTHORITY TO CONFESS JUDGMENT HEREIN GRANTED SHALL NOT BE EXHAUSTED BY ANY ONE EXERCISE THEREOF, BUT SHALL CONTINUE FROM TIME TO TIME AND AT ALL TIMES UNTIL PAYMENT IN FULL OF THE TOTAL AMOUNT DUE THE BANK AND THE ENTRY OF JUDGMENT ON THIS AGREEMENT OF GUARANTY AND SURETYSHIP SHALL NOT BE DEEMED TO LIMIT OR RESTRICT THE RIGHT OF THE BANK TO COLLECT INTEREST ON THE TOTAL PRINCIPAL AMOUNT DUE AND OWING AT THE RATE SPECIFIED IN THE LOAN DOCUMENTS UNTIL THE SAME IS PAID IN FULL

Surety hereby waives the benefit of any present or future laws and rules of procedure that authorize stay of execution on any judgment entered on this Guaranty and all exemptions of property from levy and sale thereunder, and also hereby waives any and all errors, defects, or imperfection whatsoever of a procedural nature n the entry of any judgment, or the transfer of the same to any other county or jurisdiction, or in any process or proceedings to enforce the same.

Sureties waive notice of acceptance of the Guaranty by Bank.

All notices to and demands on the Surety shall be in writing and effective when received, after having been sent to the Surety by registered or certified United States mail, return receipt requested and postage prepaid. addressed to the Surety at the address stated in the introductory portion of this Guaranty, and the Surety hereby agrees that no change in the above address shall be effective as to Bank unless the change of address is incorporated into a written supplement to this Guaranty signed by Bank and the Surety.

This Guaranty shall constitute a contract of Suretyship under the laws of the Commonwealth of Pennsylvania, and for all purposes shall be construed in accordance with said laws.

All the foregoing agreements and obligations including, without limitation, the foregoing warrant of attorney to confess judgment, shall bind the Surety, its successors and assigns, and shall inure to the benefit of Bank, its successors and assigns.

In Witness Whereof, Surety has executed this Guaranty this 19th day of August, 2009.


_____(SEAL)
KETUL DESAI

STATE OF _____ New Jersey _____ :
                                  : SS
COUNTY OF _____ Middlesex _____ :

On the ___20___ day of ___August___, in the year 2009, before me the

undersigned officer, personally appeared KETUL DESAI hereunto me (or satisfactorily proven)

to be the person whose name is subscribed to the within instrument, and acknowledged that he

executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

_____
NOTARY

**ANKIM M. SHAH**
**ATTORNEY AT LAW**
**STATE OF NEW JERSEY**

## DISCLOSURE FOR CONFESSION OF JUDGMENT

**Undersigned:**       **KETUL DESAI**

**Bank:**                  **The Fidelity Deposit and Discount Bank**
**Blakely and Drinker Streets**
**Dunmore, PA 18512**

The undersigned has executed, and/or is executing, on or about August, 2009, the following document(s) under which the undersigned is obligated to repay monies to Bank:

$1,120,000.00 Guaranty of Multiple Advance Term Note

A. THE UNDERSIGNED ACKNOWLEDGES AND AGREES THAT THE ABOVE DOCUMENTS CONTAIN PROVISIONS UNDER WHICH BANK MAY ENTER JUDGMENT BY CONFESSION AGAINST THE UNDERSIGNED. BEING FULLY AWARE OF HIS RIGHTS TO PRIOR NOTICE AND A HEARING ON THE VALIDITY OF ANY JUDGMENT OR OTHER CLAIMS THAT MAY BE ASSERTED AGAINST HIM BY BANK THEREUNDER BEFORE JUDGMENT IS ENTERED, THE UNDERSIGNED HEREBY FREELY, KNOWINGLY AND INTELLIGENTLY WAIVES THESE RIGHTS AND EXPRESSLY AGREES AND CONSENTS TO BANK'S ENTERING JUDGMENT AGAINST HIM BY CONFESSION PURSUANT TO THE TERMS THEREOF.

B. THE UNDERSIGNED ALSO ACKNOWLEDGES AND AGREES THAT THE ABOVE DOCUMENTS CONTAIN PROVISIONS UNDER WHICH BANK MAY, AFTER ENTRY OF JUDGMENT AND WITHOUT EITHER NOTICE OR A HEARING, FORECLOSE UPON, ATTACH, LEVY, TAKE POSSESSION OF OR OTHERWISE SEIZE PROPERTY OF THE UNDERSIGNED IN FULL OR PARTIAL PAYMENT OF THE JUDGMENT. BEING FULLY AWARE OF HIS RIGHTS AFTER JUDGMENT IS ENTERED (INCLUDING THE RIGHT TO MOVE TO OPEN OR STRIKE THE JUDGMENT), THE UNDERSIGNED HEREBY FREELY, KNOWINGLY AND INTELLIGENTLY WAIVES HIS RIGHTS TO NOTICE AND A HEARING AND EXPRESSLY AGREES AND CONSENTS TO BANK'S TAKING SUCH ACTIONS AS MAY BE PERMITTED UNDER APPLICABLE STATE AND FEDERAL LAW WITHOUT PRIOR NOTICE TO THE UNDERSIGNED.

C. The undersigned certifies that a representative of Bank specifically called the confession of judgment provisions in the above documents to the attention of the undersigned, and/or that the undersigned was represented by legal counsel in connection with the above documents.

D.  The undersigned hereby certifies:  that his annual income exceeds $10,000; that all references to "the undersigned" above refer to all persons and entities signing below; and that the undersigned received a copy hereof at the time of signing.


**WITNESS**

**KETUL DESAI**

GUARANTY AND SURETYSHIP AGREEMENT

WITH CONFESSION OF JUDGMENT

This Guaranty and Suretyship Agreement ("Guaranty") is given by **ANKIM M. SHAH**, (the "Surety") _64 Chatsworth Ct, Edison, NJ 08820_ to **THE FIDELITY DEPOSIT AND DISCOUNT BANK** (the "Bank"), with offices at Blakely and Drinker Streets, Dunmore, Pennsylvania 18512:

WITNESSETH:

For Value Received, the Surety absolutely and unconditionally guarantees and becomes Surety for all the obligations of CLARKS SUMMIT HOSPITALITY, LLC (the "Borrower"), to Bank with respect to the payment of all sums of every nature and kind now and at any time hereafter due and owing to Bank with respect to the Loan Agreement between Borrower and Bank, as evidenced by a Multiple Advance Term Note ("Note") in the face amount of $1,120,000.00, dated August 21, 2009 in the manner provided in the documents evidencing and securing the same, and all replacements and renewals thereof at any time hereafter delivered to Bank (the "Loan Documents"), with interest at the applicable rate(s) therein specified, as well as all sums advanced or expended by Bank for the collection thereof, for the protection of any and all collateral held by Bank as security therefore, and for all other purposes authorized by the Loan Documents (including all legal fees, attorney's commissions, and legal expenses and costs), at any time hereafter due and owing to Bank under the provisions of the Loan Documents, with interest thereon from the date of advance or expenditure to the date of payment at the applicable rate therein specified (collectively, the "Indebtedness") whether at maturity or by declaration, acceleration, or otherwise.

The obligations of the Surety are joint and several with other Guarantors and Sureties.

Surety hereby acknowledges that it has received copies of the Loan Documents and has carefully examined the same, and that it has executed this Guaranty with full knowledge of the nature and extent of the Indebtedness hereby guaranteed.

Surety hereby waives presentment for payment, notice of nonpayment, demand and protest and agrees that its obligations under this Guaranty are absolute and unconditional and shall not be affected by any release or discharge of the Borrower; by any renewal or extensions of time of payment of the Indebtedness; by any compromise with or indulgence granted to the Borrower; by any modification in the terms of the Indebtedness; by any substitution or release of collateral; or by any other matter or thing whatsoever whereby the Sureties as the absolute and unconditional guarantors of and sureties for the Indebtedness, would or might be deemed released or discharged.

In the event the Borrower at any time fails to pay the Indebtedness in the manner provided in the Loan Documents, the Surety agrees to pay the same directly to Bank on demand. The obligations of the Surety hereunder shall be directly enforceable by Bank without prior action of any nature against the Borrower, or any other person or entity, and without any obligation on the part of Bank to exercise remedies against any collateral for the Indebtedness held by Bank. The said obligations are continuing, absolute, and unconditional irrespective of the genuiness, validity or enforceability of the Loan Documents, or any of them, or of any other circumstance which might otherwise constitute a legal or equitable discharge of a guarantor or Sureties, and shall remain in full force and effect as long as any portion of the Indebtedness

remains outstanding and unpaid. The Surety shall pay, in addition to all other sums payable hereunder, the reasonable costs and expenses incurred by Bank in connection with all actions taken to enforce collection of the Indebtedness from the Surety upon default by the Borrower, whether by legal proceedings or otherwise, including, without limitation, costs of suit and an attorney's commission, as hereinafter provided.

IF THE SURETY FAILS TO PAY THE INDEBTEDNESS ON DEMAND, AS HEREIN PROVIDED, THE SURETY HEREBY AUTHORIZES AND EMPOWERS ANY ATTORNEY OF ANY COURT OF RECORD IN THE COMMONWEALTH OF PENNSYLVANIA TO APPEAR FOR SURETY AND CONFESS JUDGMENT IN FAVOR OF THE BANK AND AGAINST SURETY IN THE COURT OF COMMON PLEAS OF PIKE COUNTY OR IN ANY COUNTY IN THE COMMONWEALTH OF PENNSYLVANIA FOR THE TOTAL PRINCIPAL AMOUNT THEN DUE AND OWING TO THE BANK, WITH INTEREST AT THE RATE SPECIFIED, AS WELL AS COSTS OF SUIT AND AN ATTORNEY'S COMMISSION FOR COLLECTION OF FIFTEEN PERCENT (15%) OF THE TOTAL PRINCIPAL AMOUNT THEN DUE AND OWING, WITH RELEASE OF ALL PROCEDURAL ERRORS. THE SURETY HEREBY JOINTLY AND SEVERALLY AGREES THAT THE DEATH OF ONE OR MORE OF THEM SHALL NOT BE DEEMED TO TERMINATE THE AUTHORITY TO CONFESS JUDGMENT HEREBY GRANTED, AND THAT THE BANK MAY CAUSE JUDGMENT TO BE ENTERED IN SUCH EVENT AGAINST THE PERSONAL REPRESENTATIVE OF THE ESTATE OF A DECEASED SURETY AND/OR AGAINST THE SURVIVING SURETY AT THE OPTION OF THE BANK. THE AUTHORITY TO CONFESS JUDGMENT HEREIN GRANTED SHALL NOT BE EXHAUSTED BY ANY ONE EXERCISE THEREOF, BUT SHALL CONTINUE FROM TIME TO TIME AND AT ALL TIMES UNTIL PAYMENT IN FULL OF THE TOTAL AMOUNT DUE THE BANK AND THE ENTRY OF JUDGMENT ON THIS AGREEMENT OF GUARANTY AND SURETYSHIP SHALL NOT BE DEEMED TO LIMIT OR RESTRICT THE RIGHT OF THE BANK TO COLLECT INTEREST ON THE TOTAL PRINCIPAL AMOUNT DUE AND OWING AT THE RATE SPECIFIED IN THE LOAN DOCUMENTS UNTIL THE SAME IS PAID IN FULL

Surety hereby waives the benefit of any present or future laws and rules of procedure that authorize stay of execution on any judgment entered on this Guaranty and all exemptions of property from levy and sale thereunder, and also hereby waives any and all errors, defects, or imperfection whatsoever of a procedural nature n the entry of any judgment, or the transfer of the same to any other county or jurisdiction, or in any process or proceedings to enforce the same.

Sureties waive notice of acceptance of the Guaranty by Bank.

All notices to and demands on the Surety shall be in writing and effective when received, after having been sent to the Surety by registered or certified United States mail, return receipt requested and postage prepaid. addressed to the Surety at the address stated in the introductory portion of this Guaranty, and the Surety hereby agrees that no change in the above address shall be effective as to Bank unless the change of address is incorporated into a written supplement to this Guaranty signed by Bank and the Surety.

This Guaranty shall constitute a contract of Suretyship under the laws of the Commonwealth of Pennsylvania, and for all purposes shall be construed in accordance with said laws.

All the foregoing agreements and obligations including, without limitation, the foregoing warrant of attorney to confess judgment, shall bind the Surety, its successors and assigns, and shall inure to the benefit of Bank, its successors and assigns.

In Witness Whereof, Surety has executed this Guaranty this 21st day of August, 2009.

_____ (SEAL)
**ANKIM M. SHAH**

**STATE OF** _____         :
                                           : SS
**COUNTY OF** _____          :


On the _____ day of _____, in the year 2009, before me the undersigned officer, personally appeared ANKIM M. SHAH hereunto me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that he executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.


_____
NOTARY

## DISCLOSURE FOR CONFESSION OF JUDGMENT

**Undersigned:**      **ANKIM M. SHAH**

**Bank:**            **The Fidelity Deposit and Discount Bank**
                    **Blakely and Drinker Streets**
                    **Dunmore, PA 18512**

The undersigned has executed, and/or is executing, on or about August 21, 2009, the following document(s) under which the undersigned is obligated to repay monies to Bank:

$1,120,000.00-Guaranty of Multiple Advance Term Note

**A. THE UNDERSIGNED ACKNOWLEDGES AND AGREES THAT THE ABOVE DOCUMENTS CONTAIN PROVISIONS UNDER WHICH BANK MAY ENTER JUDGMENT BY CONFESSION AGAINST THE UNDERSIGNED. BEING FULLY AWARE OF HIS RIGHTS TO PRIOR NOTICE AND A HEARING ON THE VALIDITY OF ANY JUDGMENT OR OTHER CLAIMS THAT MAY BE ASSERTED AGAINST HIM BY BANK THEREUNDER BEFORE JUDGMENT IS ENTERED, THE UNDERSIGNED HEREBY FREELY, KNOWINGLY AND INTELLIGENTLY WAIVES THESE RIGHTS AND EXPRESSLY AGREES AND CONSENTS TO BANK'S ENTERING JUDGMENT AGAINST HIM BY CONFESSION PURSUANT TO THE TERMS THEREOF.**

**B. THE UNDERSIGNED ALSO ACKNOWLEDGES AND AGREES THAT THE ABOVE DOCUMENTS CONTAIN PROVISIONS UNDER WHICH BANK MAY, AFTER ENTRY OF JUDGMENT AND WITHOUT EITHER NOTICE OR A HEARING, FORECLOSE UPON, ATTACH, LEVY, TAKE POSSESSION OF OR OTHERWISE SEIZE PROPERTY OF THE UNDERSIGNED IN FULL OR PARTIAL PAYMENT OF THE JUDGMENT. BEING FULLY AWARE OF HIS RIGHTS AFTER JUDGMENT IS ENTERED (INCLUDING THE RIGHT TO MOVE TO OPEN OR STRIKE THE JUDGMENT), THE UNDERSIGNED HEREBY FREELY, KNOWINGLY AND INTELLIGENTLY WAIVES HIS RIGHTS TO NOTICE AND A HEARING AND EXPRESSLY AGREES AND CONSENTS TO BANK'S TAKING SUCH ACTIONS AS MAY BE PERMITTED UNDER APPLICABLE STATE AND FEDERAL LAW WITHOUT PRIOR NOTICE TO THE UNDERSIGNED.**

C. The undersigned certifies that a representative of Bank specifically called the confession of judgment provisions in the above documents to the attention of the undersigned, and/or that the undersigned was represented by legal counsel in connection with the above documents.

   D.  The undersigned hereby certifies:  that his annual income exceeds $10,000; that all references to "the undersigned" above refer to all persons and entities signing below; and that the undersigned received a copy hereof at the time of signing.


**WITNESS**

**ANKIM M. SHAH**

## DISCLOSURE FOR CONFESSION OF JUDGMENT

**Undersigned:**          **ANKIM M. SHAH**

**Bank:**                      **The Fidelity Deposit and Discount Bank**
                              **Blakely and Drinker Streets**
                              **Dunmore, PA 18512**

The undersigned has executed, and/or is executing, on or about August 21, 2009, the following document(s) under which the undersigned is obligated to repay monies to Bank:

$1,120,000.00-Guaranty of Multiple Advance Term Note

A. THE UNDERSIGNED ACKNOWLEDGES AND AGREES THAT THE ABOVE DOCUMENTS CONTAIN PROVISIONS UNDER WHICH BANK MAY ENTER JUDGMENT BY CONFESSION AGAINST THE UNDERSIGNED. BEING FULLY AWARE OF HIS RIGHTS TO PRIOR NOTICE AND A HEARING ON THE VALIDITY OF ANY JUDGMENT OR OTHER CLAIMS THAT MAY BE ASSERTED AGAINST HIM BY BANK THEREUNDER BEFORE JUDGMENT IS ENTERED, THE UNDERSIGNED HEREBY FREELY, KNOWINGLY AND INTELLIGENTLY WAIVES THESE RIGHTS AND EXPRESSLY AGREES AND CONSENTS TO BANK'S ENTERING JUDGMENT AGAINST HIM BY CONFESSION PURSUANT TO THE TERMS THEREOF.

B. THE UNDERSIGNED ALSO ACKNOWLEDGES AND AGREES THAT THE ABOVE DOCUMENTS CONTAIN PROVISIONS UNDER WHICH BANK MAY, AFTER ENTRY OF JUDGMENT AND WITHOUT EITHER NOTICE OR A HEARING, FORECLOSE UPON, ATTACH, LEVY, TAKE POSSESSION OF OR OTHERWISE SEIZE PROPERTY OF THE UNDERSIGNED IN FULL OR PARTIAL PAYMENT OF THE JUDGMENT. BEING FULLY AWARE OF HIS RIGHTS AFTER JUDGMENT IS ENTERED (INCLUDING THE RIGHT TO MOVE TO OPEN OR STRIKE THE JUDGMENT), THE UNDERSIGNED HEREBY FREELY, KNOWINGLY AND INTELLIGENTLY WAIVES HIS RIGHTS TO NOTICE AND A HEARING AND EXPRESSLY AGREES AND CONSENTS TO BANK'S TAKING SUCH ACTIONS AS MAY BE PERMITTED UNDER APPLICABLE STATE AND FEDERAL LAW WITHOUT PRIOR NOTICE TO THE UNDERSIGNED.

C. The undersigned certifies that a representative of Bank specifically called the confession of judgment provisions in the above documents to the attention of the undersigned, and/or that the undersigned was represented by legal counsel in connection with the above documents.

D.  The undersigned hereby certifies:  that his annual income exceeds $10,000; that all references to "the undersigned" above refer to all persons and entities signing below; and that the undersigned received a copy hereof at the time of signing.


**WITNESS**

**ANKIM M. SHAH**

**Exhibit "C"**

*Mailed to All*
*Certified + Regular*
*a. Swerth*

# NOGI. APPLETON. WEINBERGER & WREN. P. C.

### ATTORNEYS AT LAW

415 WYOMING AVENUE

SCRANTON, PENNSYLVANIA 18503

JACOB I. NOGI
JOHN H. APPLETON
MYLES R. WREN*
ANN LAVELLE POWELL
JOHN M. MURPHY
BRICE C. PAUL
JOSEPH L. DeNAPLES

TELEPHONE 570-963-8880

TELECOPIER 570-963-9372

EMAIL
MRWREN@AOL.COM

DOUGLAS P. THOMAS
JERRY J. WEINBERGER P.C.
COUNSEL TO THE FIRM

DONALD J. FENDRICK
(1930-1995)

*ALSO MEMBER OF NEW YORK BAR

July 14, 2016

Clarks Summit Hospitality, LLC
Attention: Ankim Shah, Esquire,
Managing Member
1101 Northern Boulevard
Clarks Summit, PA 18411

```
7014 2120 0003 1195 9485
```

*(Via Regular Mail, and Certified Mail)*

RE:    CONFIRMATION OF FAILURE TO CURE NOTICE OF PAYMENT
       DEFAULT, LOAN ACCELERATION AND NOTICE OF DEMAND AND
       CLAIM FOR PAYMENT OF FIDELITY DEPOSIT & DISCOUNT BANK
       LOANS OF NOTE, DATED OCTOBER 1, 2008 IN THE FACE AMOUNT
       OF $5,148,000.00 AND NOTE DATED AUGUST 21, 2009 IN THE FACE
       AMOUNT OF $1,120,000.00

Borrower:    Clarks Summit Hospitality, LLC

Guarantors:  Leena Shah
             Harshad Patel
             Bhupen Patel
             Ankim Shah
             Bharat Parikh
             Ketul Desai
             Divyakant Patel
             Bharat Shah
             Rikesh Desai
             Rita Shah

Dear Borrowers and Guarantors,

        As you know, you are indebted to Fidelity Deposit & Discount Bank (the "Bank") under
various Bank credit facilities and the Bank's interests are represented by this law firm. You
have failed to cure material payment and tax defaults as notified to you prior.

1

The Bank cannot any longer accept the Borrowers and Guarantors ("Obligors") continuing refusal to address the deficiencies in the lending obligations to The Bank.

Please note that you are contractually deficient in terms of payment and in default of your obligations to the Bank.  In particular:

**Loan payoff for:**

Clarks Summit Hospitality, LLC          Loan No. 1109943475
1101 Northern Boulevard               Date Quoted: July 13, 2016
Clarks Summit, PA 18411               Payoff Good To:  July 13, 2016

Principal:                $4,078,889.37
Interest to July 13, 2016:     $   68,389.09
Late Charges:             $    7,051.52
Net Amount Due:           $4,154,329.98

One day's interest:           $509.86

This loan is due for its April 1, 2016 payment.

**Loan payoff for:**

Clarks Summit Hospitality, LLC          Loan No. 1109943477
1101 Northern Boulevard               Date Quoted: July 13, 2016
Clarks Summit, PA 18411               Payoff Good To:  July 13, 2016

Principal:                $905,776.42
Interest to July 13, 2016:     $   5,896.33
Late Charges:             $   1,444.12
Net Amount Due:           $913,116.87

One day's interest:           $113.22

This loan is due for its May 21, 2016 payment.

The following represents the debt acceleration and payoff amounts due effective through July 7, 2016:

Principles 3.00% (3.5 + 3) 6.00%

This debt is accelerated and fully due.

We direct you to your various lending agreements, notes, mortgages and the like and advise you the rights and remedies contained therein as it relates to default, cross-default, guarantee obligations are now initiated by the Bank and to the extent provided by each and

2

every of the loan documents, notes, guarantees and mortgages which are accelerated and the balance due in full.  To the extent you wish to tender payment of all of your obligations, you are to call Heather Kazinetz at (570) 504-8045 and she will provide you with a closeout balance as to each and every of your contractually accelerated and fully due obligations.

Further, you still have not paid in full the past due real estate taxes ("Taxes") on the real estate that you own and have pledged to the Bank as security for a credit facility that has been extended to you. In failing to pay these taxes, you have placed the Bank at risk and have created defaults and violations of your credit facilities and recorded mortgages.

Your insistence in not addressing these obligations or satisfying the contractual provisions of our lendings or to keep the Taxes current or pay loans is unacceptable to the Bank.  Demand is made for immediate full accelerated payment of the above listed amounts. This demand is made for payment in full of the accelerated balance for this lending and for payment of all unpaid taxes. You are required to pay these Taxes as part of your credit obligations. The Bank under its credit facilities is permitted to protect its collateral. Therefore, the Bank, in its sole discretion, may be inclined to advance any remaining balance owed by the Obligors after your tax payments are tendered for the mortgaged premises or it may decide not to do so.  The Bank has the absolute right to protect itself from your defaults.

You are additionally liable to the Bank for all expenses related to such default including attorney's fees and other professional fees and costs, as our interests in specific property may dictate.  You have the right to pay the full amount of the loans plus costs and expenses to protect this collateral and avoid execution.

We shall apply the amounts of money received from such enforcement of our security interest first to the payment of costs, then to the payment of interest and then to the reduction of principal. In addition, property in our possession is subject to our right to set off and sale.

Please note, this demand also includes the full and complete enforcement of all Assignment of Rent obligations you granted to the Bank.  You are directed, under the terms of our Assignment of Rents to transfer to us all rental payments that you receive from any secured property.  The Assignment provides for a direct transfer of these payments as our property, upon your default.  This has occurred, rentals no longer are contractually able to be paid to you and you must direct and send to the Bank all rental payments as the same are ours based on your default.

If you file for relief under the Bankruptcy Code (11 U.S.C. § 101 et seq.) you are directed by Statute to place into a separate account your "cash collateral" for the benefit of the secured parties and you are not to spend any of these funds **without Order of Court** or consent of the Bank, and please be noticed that you do not have the Bank's consent.

If any provisions of this Demand and notification are unclear, please have your legal counsel call me so that your questions may be reviewed.

Sincerely,

Negi, Appleton, Weinberger & Wren, P.C.

Myles R. Wren, Esquire

MRW/sc

cc:     Heather Kazinetz, Vice President
        All Guarantors
        Michael Schwartz

4

Mailed to all 7-14-16

## NOGI. APPLETON. WEINBERGER & WREN. P. C.

### ATTORNEYS AT LAW

415 WYOMING AVENUE

SCRANTON, PENNSYLVANIA 18503

———————

TELEPHONE 570-963-8880

TELECOPIER 570-963-9372

EMAIL

MRWREN@AOL.COM

JACOB I. NOGI
JOHN H. APPLETON
MYLES R. WREN*
ANN LAVELLE POWELL
JOHN M. MURPHY
BRICE C. PAUL
JOSEPH L. DeNAPLES

*ALSO MEMBER OF NEW YORK BAR

DOUGLAS P. THOMAS
JERRY J. WEINBERGER P.C.
COUNSEL TO THE FIRM

DONALD J. FENDRICK
(1930-1995)

July 14, 2016

Leena Shah
20 Tower Road
Edison, NJ 08820

Harshad Patel
6 Connors Court
Sayreville, NJ 08872

Bhupen Patel
27 Canterbury Way
Farmingdale, NJ 07727

Ankim Shah
64 Chatsworth Court
Edison, NJ 08820

Bharat Parikh
Broad Street
Bloomfield,  NJ 07003

Ketul Desai
8 Dryer Court
Plainsboro,  NJ 08536

Divyakant Patel
936 Beatrice Parkway
Edison, NJ 08820

Bharat Shah
51 Grissing Court
Cedar Grove, NJ 07009

Rikesh Desai
23 Southhall Court
Wayne, NJ 07670

Rita Shah
24 Urma Place
Bloomfield, NJ 07003

Re:    **Final Default Notification**

Dear Guarantors:

Please find attached to this letter notification of a default of your guaranteed debt. Fidelity Deposit & Discount Bank (the "Bank") is in the process of enforcing this default which you had guaranteed unconditionally. The debts are identified in the attached letter.

We are in the process of identifying your assets for potential execution. I would ask you to assemble, with the Borrower, to arrange for full and complete payment.

Counsel fees will be greatly expanded and you also guaranty those counsel fees to the extent we are compelled to advance collection efforts against each of you to pay this debt. You are responsible for its full and complete payment.

Your assets may be used to satisfy this obligation.

This letter is to advise you the debt is fully due and you have an opportunity to save the unnecessary expenses by full and complete payment prior to the initiation of legal recourse.

Please respond immediately with full payment.

Sincerely,
Nogi, Appleton, Weinberger & Wren, P.C.

Myles R. Wren, Esquire

MRW/sc

**U.S. Postal Service**™
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®

**O F F I C I A L   U S E**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

SCRANTON PA 18503 DOWNTOWN STATION USPS

Sent To: Atn:  Ankim Shah, Esquire
Clarks Summit Hospitality, LLC
Street & Apt. No., or PO Box No. 1101 Northern Boulevard
City, State, ZIP+4 Clarks Summit, PA 18411

PS Form 3800, July 2014                    See Reverse for Instructions

7014 2320 0003 1195 9485

## AFFIDAVIT OF DEFAULT
## Exhibit D

**Commonwealth of Pennsylvania:**

                              **: ss**

**County of Lackawanna**        **:**

I, Heather Kazinetz being duly sworn, depose and say that:

1.      I am Vice President of Fidelity Deposit & Discount Bank, which is the Plaintiff in this action, and am authorized to make this affidavit on its behalf.

2.      The Defendants, Leena Shah of 20 Tower Road, Edison, NJ 08820, Ankim M. Shah of 64 Chatsworth Court, Edison, NJ 08820, Bharat Parikh of 125 Eileen Drive, Cedar Grove, NJ 07009, Rita Shah of 24 Urma Place, Bloomfield, NJ 07003, Divyakant Patel of 936 Beatrice Parkway, Edison, NJ 08820, Ketul Desai of 8 Dryer Court, Plainsboro, NJ 08536, Bharat Shah of 51 Grissing Court, Cedar Grove, NJ 07009 and Rikesh Desai of 23 Southall Court, Wayne, NJ 07670 executed Loan Documents, dated August 21, 2009 with a Note in the original principal amount of One Million One Hundred Twenty Thousand ($1,120,000.00) Dollars secured with their respective Guaranty and Suretyship Agreements of which copies of the relevant portions of the loan are attached to this Complaint.

3.      Defendants have been in default and failed to remedy and cure the same and as such, have given rise to circumstances in which all of the remaining balances of principal and interest are due under the Loan Documents.

4.      Defendants have breached the terms of these obligations by failing to make regular monthly payments on the Note obligations as obligated by their respective Guaranty and Suretyship Agreements (Please see Exhibit "B") and pay the accelerated

debt, please see default notice. This is further documented by the Default Notices provided to Defendants by Bank Counsel for Fidelity Deposit & Discount Bank, copies are attached and incorporated to this Complaint and Affidavit. The last payment on Loan #3477 was made on April 21, 2016.

5.    The principal debt on the Note as of July 13, 2016 is $905,776.42, not including outstanding and accruing interest and costs and fees.

6.    The Loan Documents permit Confession of Judgment for money for the recovery of any unpaid amounts due under the Loan Document, together with attorneys' fees and commission and costs of suit.

7.    The Warrant of Attorney appearing in the Loan Documents is less than twenty (20) years old and has not been assigned or previously exercised with respect to the amounts at issue in this matter.

8.    By reason of the aforesaid defaults and violations of the Note and Guaranties terms and conditions by Defendants, Plaintiff is entitled under the terms of the Note and Guaranties to entry of a money Judgment against Defendants, jointly and severally, in the total amount of Nine Hundred Thirteen Thousand One Hundred Sixteen Dollars and Eighty-seven Cents ($913,116.87), including continuing and accruing interest, fees, attorneys' fees and costs as set forth in the Complaint.

# SIGNATURE PAGE FOLLOWS

*Heather Kazinetz* (signature)

Heather Kazinetz, Vice President
First Fidelity Deposit & Discount Bank

COMMONWEALTH OF PENNSYLVANIA    :
                                                         :      SS.
COUNTY OF LACKAWANNA            :

On this, the **2nd** day of **August**, 2016, before me, a Notary Public, the undersigned officer, personally appeared Heather Kazinetz in her capacity as the Vice President of Fidelity Deposit & Discount Bank, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, being authorized to do so, executed this Affidavit on behalf of Fidelity Deposit & Discount Bank by signing the name of the company by herself as authorized representative.

IN WITNESS WHEREOF, I have hereunto set my hand and notarial seal.

*Joann Pasko* (signature)

NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
JOANN PASKO
Notary Public
CITY OF SCRANTON, LACKAWANNA COUNTY
My Commission Expires Feb 22, 2019

**AFFIDAVIT OF ADDRESS AND INCOME AND**
**VERIFICATION OF NON-MILITARY SERVICE**
**Exhibit E**

**Commonwealth of Pennsylvania:**
                                : **ss**
**County of Lackawanna**            :

I, Heather Kazinetz being duly sworn according to law, depose and say that:

1.      I am Vice President of Attorney for Fidelity Deposit & Discount Bank which is the Plaintiff in this action, and am authorized to make this affidavit on its behalf.

2.      The Defendants are Leena Shah of 20 Tower Road, Edison, NJ 08820, Ankim M. Shah of 64 Chatsworth Court, Edison, NJ 08820, Bharat Parikh of 125 Eileen Drive, Cedar Grove, NJ 07009, Rita Shah of 24 Urma Place, Bloomfield, NJ 07003, Divyakant Patel of 936 Beatrice Parkway, Edison, NJ 08820, Ketul Desai of 8 Dryer Court, Plainsboro, NJ 08536, Bharat Shah of 51 Grissing Court, Cedar Grove, NJ 07009 and Rikesh Desai of 23 Southall Court, Wayne, NJ 07670.

3.      To the best of my knowledge, information and belief, the income of Defendants exceeds $10,000.00 per year.

4.      To the best of my knowledge, information and belief, Defendants are not in the Military Service of the United States, nor any State or Territory thereof, or its allies as defined in the Soldiers' and Sailors' Civil Relief Act of 1940 and amendments thereto.

# SIGNATURE PAGE FOLLOWS

_Heather Kazinetz_

Heather Kazinetz, Vice President
Fidelity Deposit & Discount Bank

**COMMONWEALTH OF PENNSYLVANIA** :
                                   :        **SS.**
**COUNTY OF LACKAWANNA**            :

On this, the _2nd_ day of _August_, 2016, before me, a Notary Public, the undersigned officer, personally appeared Heather Kazinetz in her capacity as the Vice President of Fidelity Deposit & Discount Bank, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, being authorized to do so, executed this Affidavit on behalf of Fidelity Deposit & Discount Bank by signing the name of the company by herself as authorized representative.

IN WITNESS WHEREOF, I have hereunto set my hand and notarial seal.

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
JOANN PASKO
Notary Public
SCRANTON, LACKAWANNA COUNTY
Commission Expires Feb 22, 2019

_JoAnn Pasko_

NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
JOANN PASKO
Notary Public
CITY OF SCRANTON, LACKAWANNA COUNTY
My Commission Expires Feb 22, 2019

**AFFIDAVIT THAT TRANSACTION DOES NOT ARISE FROM A RETAIL INSTALLMENT SALE, CONTRACT OR ACCOUNT**
**Exhibit F**

**Commonwealth of Pennsylvania:**
                              : ss
**County of Lackawanna**         :

I, Heather Kazinetz being duly sworn according to law, depose and say that:

1.       I am Vice President of Fidelity Deposit & Discount Bank, Plaintiff in this action and am authorized to make this affidavit on its behalf.

2.       The transaction upon which the judgment is being entered does not arise from a retail or installment sale, contract or account.

**SIGNATURE PAGE FOLLOWS**

_Heather Kazinetz_

Heather Kazinetz, Vice President
Fidelity Deposit & Discount Bank


**COMMONWEALTH OF PENNSYLVANIA** :
                                   :        **SS.**
**COUNTY OF LACKAWANNA**            :

On this, the 2nd day of August, 2016, before me, a Notary Public, the undersigned officer, personally appeared Heather Kazinetz in her capacity as the Vice President of Fidelity Deposit & Discount Bank, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, being authorized to do so, executed this Affidavit on behalf of Fidelity Deposit & Discount Bank by signing the name of the company by herself as authorized representative.

IN WITNESS WHEREOF, I have hereunto set my hand and notarial seal.

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
JOANN PASKO
Notary Public
CITY OF SCRANTON, LACKAWANNA COUNTY
My Commission Expires Feb 22, 2019

NOTARY PUBLIC

**AFFIDAVIT OF BUSINESS TRANSACTION**
**Exhibit G**

**Commonwealth of Pennsylvania:**
                                    : ss
**County of Lackawanna**            :

I, Heather Kazinetz being duly sworn according to law, depose and say that:

1.      I am Vice President of Fidelity Deposit & Discount Bank, the Plaintiff in this

action and am authorized to make this affidavit on its behalf.

2.      This transaction upon which the judgment is being entered is a business

transaction.

# SIGNATURE PAGE FOLLOWS

_Heather Kazinetz_

Heather Kazinetz, Vice President
Fidelity Deposit & Discount Bank


**COMMONWEALTH OF PENNSYLVANIA**  :
                                   :     **SS.**
**COUNTY OF LACKAWANNA**            :

On this, the **2nd** day of **August**, 2016, before me, a Notary Public, the undersigned officer, personally appeared Heather Kazinetz in her capacity as the Vice President of Fidelity Deposit & Discount Bank, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, being authorized to do so, executed this Affidavit on behalf of Fidelity Deposit & Discount Company by signing the name of the company by herself as authorized representative.

IN WITNESS WHEREOF, I have hereunto set my hand and notarial seal.

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
JOANN PASKO
Notary Public
CITY OF SCRANTON, LACKAWANNA COUNTY
My Commission Expires Feb 22, 2019

_Joann Pasko_

NOTARY PUBLIC

**AFFIDAVIT THAT JUDGMENT IS NOT BEING ENTERED BY CONFESSION
AGAINST A NATURAL PERSON IN CONNECTION WITH A CONSUMER CREDIT
TRANSACTION**
**Exhibit H**

**Commonwealth of Pennsylvania:**
                                    **: ss**
**County of Lackawanna          :**


      I, Heather Kazinetz being duly sworn according to law, depose and say that:

      1.      I am Vice President of Fidelity Deposit & Discount Bank, the Plaintiff in this action and am authorized to make this affidavit on its behalf.

      2.      The transaction upon which the judgment is being entered is not being entered by confession against a natural person in connection with a consumer credit transaction.


# SIGNATURE PAGE FOLLOWS

_Heather Kazinetz_

Heather Kazinetz, Vice President
Fidelity Deposit & Discount Bank

**COMMONWEALTH OF PENNSYLVANIA**    :
                                     :     **SS.**

**COUNTY OF LACKAWANNA**            :

      On this, the _2nd_ day of _August_, 2016, before me, a Notary Public, the undersigned officer, personally appeared Heather Kazinetz in her capacity as the Vice President of Fidelity Deposit & Discount Bank, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, being authorized to do so, executed this Affidavit on behalf of Fidelity Deposit & Discount Bank by signing the name of the company by herself as authorized representative.

      IN WITNESS WHEREOF, I have hereunto set my hand and notarial seal.

> COMMONWEALTH OF PENNSYLVANIA
> NOTARIAL SEAL
> JOANN PASKO
> Notary Public
> CITY OF SCRANTON, LACKAWANNA COUNTY
> My Commission Expires Feb 22, 2019

_Joann Pasko_

NOTARY PUBLIC